Hall & Bingham *v.* Lamb et al.

## LESTER HALL AND L. G. BINGHAM *v.* EDWARD LAMB AND SALEM T. LAMB.

### [IN CHANCERY.]

### *Vacating a decree. Appeal.*

The court of chancery may vacate a decree made and enrolled upon, and in consequence of a bill being taken as confessed, so as to permit a defense to the suit upon its merits.

An application for this purpose is addressed to the discretion of the court of chancery, and should not be considered and determined by the supreme court.

If the application is granted, it is only an interlocutory, and not a final order or decree, and no appeal can be taken from it.

APPEAL from an order of the court of chancery.

The orators brought their bill to enjoin the defendants from collecting certain promissory notes signed and endorsed by the orators. The bill was taken as confessed, for want of an answer, and a decree in accordance with the prayer was entered, made up, signed and left with the clerk for record, after which an application was made to the court of chancery to vacate said decree and allow the defendants to file answers and defend the suit upon its merits. Upon this application the court of chancery, March Term, 1855,— PECK, CHANCELLOR,—upon a hearing, ordered that, upon a compliance with certain terms, the decree in the original cause be vacated and taken off the roll, and the defendants have leave to answer the bill, &c. From this order the orators moved for an appeal, and entered the same upon the docket of the supreme court at its present term. The defendants moved to dismiss the appeal, on the ground that the supreme court had no jurisdiction of it.

*D. A. Smalley* in support of the motion.

*Underwood & Hard* against the motion.

The opinion of the court was delivered by

ISHAM, J. We entertain no doubt as to the power of the chancellor to vacate such a decree as was made in this case, even after its enrolment, for the purpose of giving the defendants an opportu-

Hall & Bingham *v.* Lamb et al.  ·

nity of defending the bill on its merits, when they have been deprived of that defense by mistake, accident, or even negligence. It was so expressly ruled by CH. KENT; in *Beekman* v. *Peck*, 3 John. Ch. 415, and by CH. WALWORTH, in *Millspaugh* v. *McBride*, 7 Paige 509, and in *Kemp* v. *Squire*, 1 Ves. 205.    In the case of *Wooster* v. *Woodhull*, 1 John. Ch. 540, CH. KENT observed, that such applications were addressed to the discretion of the court, and they would be granted or refused upon considerations not at all affecting the merits of the case upon which the original bill was commenced.

The statute, p. 217, § 79, allows an appeal in chancery only from some *final order or decree of the chancellor:* and, not even then, when a final decree is made for non-appearance and neglect to answer the bill, nor on a decree of foreclosure of mortgage, except under a special permission of the court. The intention was, to allow appeals only in cases where the matter in controversy and on which the original bill was brought has been finally determined by the chancellor, so that, on an appeal from that decree, the whole case, on its merits, can be re-examined in this court. No appeal can be taken from any interlocutory order or decree, as that does not determine the merits of the case. The order of the chancellor, from which this appeal was taken, was purely interlocutory. It simply permitted the defendants to file their answer, and opened the case for trial in that court. The case is now pending before the chancellor. This appeal does not remove that case into this court, and, if we were to sustain it, we could only re-examine the question whether the chancellor properly permitted the defendants to file their answer, or whether, for not complying with the rules of practice in that court, the defendants should be precluded from all examination into the merits of their case. That question may or may not depend upon considerations affecting the merits of the original bill. It, in no sense, is a final order or decree in the case. For that reason, and from the fact that the application was addressed purely to the discretion of the chancellor, and should not be considered in this court, we think the appeal must be dismissed.