Smith *v.* Scribner.

FRED SMITH *v.* C. H. SCRIBNER, JAMES G. HARVEY, GEO. H. HARVEY, AND REBECCA S. HARVEY.

[IN CHANCERY.]

*Pleading. Demurrer. Breach of Covenant of Warranty. False Representations. Fraudulent Concealment.*

R. L. s. 771.

1. There is a breach of covenant of warranty when, at the time of the conveyance, the land was encumbered by a lease, and the tenant was in possession with the grantor's agreement to deed to him on payment of a certain sum, and thereby the grantee was prevented from entering and enjoying the premises; and in such case a bill in equity will be sustained on demurrer, brought in effect to restore the parties *in statu quo,* when said facts are alleged, and the bill also points, by strong implication, to fraud in the sale, shows a prompt demand of rescission, and warrants the construction that the grantee did not know of the incumbrance.

2. MISJOINDER. MULTIFARIOUSNESS. DEMURRER. A demurrer for misjoinder of defendants was properly overruled when the bill claimed but one general right.

3. FALSE REPRESENTATIONS. FRAUDULENT CONCEALMENT. The defendant was guilty of misrepresentation of a material fact by showing the leases which, by their terms, had expired, and telling the orator that they had ended, and guilty of concealment of a material fact by omitting to say that the leases had been extended. The orator was not put upon inquiry.

4. PRACTICE. PLEADING. The defendant demurred, and the demurrer having been overruled, then answered; and the case came up on appeal from a decree based on the report of a master. The court heard the case as though the bill stood for construction under the demurrer, without passing on the question whether the defendant waived the demurrer by answering.

BILL IN CHANCERY. Heard on the pleadings and a special master's report, December Term, 1885, Orange County, ROWELL, Chancellor. The decree was: That the injunction be made perpetual, by which said Scribner was commanded to desist from proceeding at law against the orator to collect the $1,500 note given towards the price of the farm; that said Scribner surrender the said $1,500 note to the clerk of the court, and pay the cost in the suit at law; that he also pay to the clerk the sum of $1,012.74 with interest from April 1,

1882, in sixty days after the filing of the orator's deed of the premises, and the deed to be delivered to the defendant on payment of said sums and surrender of said note; that the orator discontinue his suit at law based on breach of covenants of warranty, but that defendant should pay the cost until this suit was brought; that the orator should execute his deed of the premises and file it with the clerk of the court; that the orator recover his costs of said Scribner; that the bill be dismissed as to the other defendants, with costs. It appeared that this cause was heard by Chancellor ROWELL at chambers, February 18, 1885, on said Scribner's demurrer to the bill. The demurrer was overruled, the court holding that the bill had equity; that a defendant cannot demur on the ground that another defendant has no interest in the subject-matter of the suit; and ordered the defendant to answer.

The bill alleged that said Scribner, in 1878, held a mortgage on a certain farm in Royalton executed by said Geo. H. and Rebecca S. Harvey; that said Scribner brought his petition to foreclose said mortgage, and at the December Term, 1878, of Orange County Court, obtained a decree of foreclosure, the Harveys having one year to redeem; that said decree was recorded in Royalton land records, January 13, 1880; that the amount of the decree was $2,370.51; "that said Scribner, being or pretending to be seized and possessed" of said farm, conveyed the same, March 11, 1882, to the orator, by deed of warranty, for the sum of $2,500.

" That thereafterwards he found that on the 2d day of April, A. D. 1881, the said Scribner had leased the said premises to James G. Harvey, then of Royalton, in said Windsor County, but now of Hartford, in said county, until the first of the then next January, at and for a certain specified rental, and agreeing that if the said James G. Harvey, or any one on his behalf, shall before the expiration of this lease well and truly pay or cause to be paid to said Scribner the said amount due on said decree in chancery, together with interest and taxes said Scribner may have paid on said premises, then said Scribner is to deed said premises to said James G. Harvey, or to any person said James G. shall name, and further agreeing that said Scribner shall allow one thousand dollars to remain on mortgage, if said

James G. shall so desire; and further agreeing that said Scribner shall apply $200, which said James G. had paid as rent in 1880, toward paying said decree with interest and taxes; and your orator further discovered that after the expiration of said lease the said Scribner agreed in writing to extend said lease for one year—that is, until the first day of January, A. D. 1883; that at the day of the date of said Scribner's said deed to your orator said James G. Harvey was in possession of said premises, by his tenant, George H. Harvey, claiming a right to redeem the same under said Scribner's said agreement, so extended as aforesaid to January first, 1883; that at the June Term of Orange County Court, 1883, he commenced his action against said Scribner for his breach of covenant, because of the said possession and claim of said Harvey; that there is outstanding against him [the said orator] in the hands of said Scribner a note for the sum of fifteen hundred dollars, part of said $2,500, on which note said Scribner has commenced his suit against your orator; that said Harvey refuses to yield possession of said premises to your orator, but claims a right to redeem the same, and said Scribner refuses to give your orator possession of said premises or to return said $1,000, so paid by your orator, as aforesaid, or to give up said note for $1,500 to your orator and receive a deed of the premises from your orator; that he [the said orator] has ever been ready and willing to pay said $1,500 on having possession of said premises and a good title thereto given him, or to deed said premises to said Scribner, and to receive back the said $1,000 and his said note for $1,500, and this the said Scribner well knew."

The prayer of the bill was that said Scribner be ordered to pay back the $1,000 paid towards the farm; that he surrender the $1,500 note; that he be enjoined from proceeding with said suit brought on said note; and for further relief, etc. An injunction was issued against said Scribner pursuant to the prayer of the bill, on the day of the date of the bill, June 16, 1884.

The demurrer was, in part:

" That the said complainant hath not, in and by his said bill, made or stated such a case as doth, or ought to, entitle him to any such discovery or relief as is thereby sought and prayed for, from or against this defendant; " that the complainant has not charged that the said Harveys have any interest in the

matters complained of; "that the said complainant hath not, by his said bill, shown such privity of title between him and the defendants Harveys, or shown any such right or title as entitles him, in a court of equity, to the discovery from those defendants thereby sought."

The answer of defendant Scribner alleged that the title to said premises vested in him by decree January 1, 1880; admitted the leasing of the premises to J. G. Harvey, and the agreement to convey to him on payment of the said decree during the years 1880 and 1881; denied that Harvey ever purchased the premises; denied "that he agreed in writing or in any other way or manner to extend said last-named lease for one year from January 1, 1882; denies that said lease has been by him in any manner so extended; denies that the orator discovered that it was so extended; denies that there was any encumbrance on said premises at the time he so deeded the same to the orator; * * * and denies that he now refuses or has refused to give the orator possession of said premises;" admitted that he showed the leases to the orator and informed him that Harvey was occupying without any agreement or right. As stated in the opinion, the master reported the facts as alleged in the bill. He found, as to showing the old leases by the defendant to the orator, as follows:

"At the time the said premises were conveyed as aforesaid to the orator, said Scribner showed the orator two old leases of said premises to said James G. Harvey, and told the orator that said Harveys were then occupying said premises, but told him at the same time that both of said leases were ended, and said nothing to the orator about there being any continuation of either of said leases, nor that said Harveys, or either of them, had or claimed to have any rights in, on, or to said premises."

The other facts are sufficiently stated in the opinion.

*Geo. L. Stow*, for the defendant.

If the orator's claim as to the facts is correct, he cannot

maintain his suit in equity, because he has an adequate remedy at law ; that is, if Scribner had no title, the orator can prevail in his action for covenant broken, and defend in the action on the note, as there was no consideration. BARRETT, J., *Currier* v. *Rosebrooks*, 48 Vt. 34 ; *White* v. *Booth*, 7 Vt. 131 ; *Washburn* v. *Titus*, 9 Vt. 211 ; *Sprague* v. *Waldo*, 38 Vt. 139 ; *Fairhaven Marble Co.* v. *Adams*, 46 Vt. 496 ; *Bassett* v. *St. Albans Hotel Co.* 47 Vt. 313 ; *Sleeper* v. *Croker*, 48 Vt. 9. The bill shows that when it was brought the Harveys had no interest in the premises—that their rights under the lease and agreement had ceased to exist. The clause in the lease concerning a possible purchase does not change the character of the lease. It creates no equity of redemption. It is not in the nature of a mortgage, for there is no existing loan or debt which it is intended to secure. *Henry* v. *Bell*, 5 Vt. 393 ; *Holmes* v. *Grant*, 9 Paige, 243 ; *Grover* v. *Payn*, 19 Wend. 518 ; *Reading* v. *Weston*, 7 Conn. 143, 489 ; *Flagg* v. *Mann*, 14 Pick. 496 ; *Wing* v. *Cooper*, 37 Vt. 179 ; 4 Kent Conn. 133 ; 1 Wash. R. P. 475 ; 2 Story Eq. 1018. The provision as to a purchase was never complied with ; hence, the lease stands as though it had contained no such provision. According to the report the orator had absolute right to the possession after January 1, 1883. He alone could have ejected the Harveys, but did nothing. Can he, in equity, be allowed pay for his own neglect ? But if the court has jurisdiction, orator can only recover damages for the time he was not allowed to occupy the premises. *Hepburn* v. *Auld*, 5 Cranch, 378 ; *Reynold* v. *Vance*, 4 Bibb, 215.

*D. C. Denison & Son*, for the orator.

The orator never had possession ; he was, therefore, evicted instantly, the premises being in the possession of one claiming under a paramount title. Rawle Cov. (4th ed.) p. 154 ; *Clark* v. *Conroe*, 38 Vt. 475. This eviction is so absolute that Scribner could not relieve himself of the legal effect by purchasing in the title ; for if he had purchased in the title, it

would not have so inured to the benefit of the orator, without his consent, as to have defeated his right to maintain an action on the covenants. *Blanchard* v. *Ellis*, 1 Gray, 195; Rawle Cov. 425. One without knowledge of any defect in his vendor's title will not be compelled to accept a doubtful title. 3 Cen. Rep. 388; Rawle Cov. 255. The concealment of Harvey's rights was a fraud. Rawle Cov. 569, 576. The eviction was sufficient to give the court jurisdiction. Rawle Cov. 684. The demurrer was properly overruled. The bill is not multifarious. Story Eq. Pl. (Red. ed.) s. 530.

The opinion of the court was delivered by

VEAZEY, J. The allegations in the bill come to this in substance and effect: That the defendant, Scribner, on March 11, 1882, pretending to be seized and possessed of a farm, bargained and conveyed it to the orator by deed, containing the usual covenants of a warranty deed, for the consideration of $2,500, and received $1,000 of the same and a note for the balance; that within a few days thereafter the orator found that at the time of the conveyance Scribner had leased the farm to one Harvey until the following January, and had agreed to convey the same to him upon payment of a certain sum before the lease expired; that Harvey was then in possession, claiming all his rights under his lease and said agreement, and refused upon the demand of the orator to yield the possession, and has retained it ever since; that Scribner refused to give possession to the orator or return said $1,000, and give up said note, and to receive a deed from the orator; that the orator intended to take immediate possession of the premises, and use the farm for his own purposes.

Taking these allegations to be true, as we must under the demurrer, the orator was hindered and prevented from entering, and was kept out of possession by one having a better right. Although technically there was no eviction, because eviction means an entry and expulsion, yet it is settled that on the covenants for quiet enjoyment, and *a fortiori*, on the cove-

nant of warranty, it is not necessary to state or prove a technical eviction, but the action may be maintained if the plaintiff is hindered and prevented, by any one having a better right, from entering and enjoying the premises granted. *Park* v. *Bates*, 12 Vt. 381; and see authorities there cited. The orator was evicted instantly upon taking his deed. Rawle on Covenants for Title, after citing and discussing the authorities, concludes his discussion thus: "The rule, therefore, as best supported by reason and authority, would seem to be this,— where, at the time of the conveyance, the grantee finds the premises in possession of one claiming under a paramount title, the covenant for quiet enjoyment or of warranty will be held to be broken, without any other act on the part of either the grantee or the claimant; for the latter can do no more towards the assertion of his title, and, as to the former, the law will compel no one to commit a trespass in order to establish a lawful right in another action."

The same author further says, page 676, 3d ed., that where the purchaser has a present right to damages upon his covenants, which occur when there has been an eviction, the *quia timet* jurisdiction of equity "rests on familiar principles." Some cases go further and hold that an eviction is not necessary, but Rawle concludes to the contrary and cites the authorities on page 684.

This bill was not carefully drawn, but we think it warrants the construction of negation of knowledge by the orator of the encumbrance of Harvey. It also points by strong implication to fraud in the sale by the defendant. It shows a prompt demand of rescission of the whole transaction on the part of the orator.

We think the bill was sufficient to warrant the assumption of jurisdiction by the Court of Chancery.

Another ground of demurrer was that the Harveys were improperly joined as defendants. The demurrer was by Scribner and not by the Harveys, and was put on the ground of multifariousness.

" A demurrer of this kind will hold only where the orator claims several matters of different natures ; but when one general right is claimed by the bill, though the defendants have separate and distinct rights, a demurrer will not hold." Mitf. & Ty. Eq. Pl., p. 272 ; *Lewis* v. *St. Albans I. & S. Works*, 50 Vt. 477, 482 ; and cases there cited. Here the orator claimed but one general and entire right.

The first decretal order overruling the demurrer and ordering the defendant to answer the bill was correct. He might have insisted on a decree in form and in fact final, and taken an appeal therefrom ; but, instead, he answered without appealing at that term, and the cause, in the usual course, was referred to a special master, and came up at a subsequent term for hearing on his report, and a decree was thereupon passed for the orator, from which the defendant Scribner appealed. We have treated the case as the defendant's solicitor did in argument, as though the bill stood for consideration under the demurrer. The rule is that if a defendant answers to any part of a bill to which he has demurred he waives the benefit of the demurrer,—Mitf. & Ty. Eq. Pl. 304 ; and the question arises here whether that rule does not apply to this case, especially in view of our statute, wherein it is provided that : " A party complaining of the *final* order or decree of the Court of Chancery may, by a written motion filled at *the term in which such order* or decree is made, appeal therefrom," etc. R. L. s. 771 ; and see *Gove* v. *Dyke*, 14 Vt. 561 ; and *Hall* v. *Lamb*, 28 Vt. 85.

The view above taken of the bill renders it unnecessary to pass on this question ; but we state it simply for the purpose of saying that we do not pass upon it expressly or by implication. The master reports the facts as alleged in the bill, but with much more sharpness and completeness, and makes a case clearly for equity jurisdiction. The fraud element is brought out with distinctness. Scribner by showing to the orator the leases which showed on their face they had expired, and also all right thereunder in the lessee unless he had made payment

under the provision for redemption, and by telling the orator that the leases were ended, was guilty of the misrepresentation of a material fact; and by omitting to say that the lease had been extended, and that the lessee claimed rights in the premises, he was guilty of suppression and concealment of a material fact. He must have known that what he thus said was false, and what he concealed was misleading, and this was also plainly as to a matter he was bound to disclose.

As against him the orator was put upon no inquiry by Harvey's possession. He had the right to rely on Scribner's representations and his covenants.

We find no error in the rulings on the motion to re-commit the report. The defendant filed exceptions to the report, and moved that it be re-committed, and it was, and amendments were made, but the record shows no further exception or motion or ruling of the chancellor in that behalf.

Decree affirmed and cause remanded.