(*) HUNTINGDON *versus* HALL.

36  501
98  560

The sale of personal property, in the possession of the vendor, at a fair price, raises a warranty of title.

But, if the property be not in possession of the vendor, and if there be no assertion of ownership in him, no implied warranty of title arises.

In such a sale, the maxim, *caveat emptor,* applies.

Where a note is given for personal property to which the vendor had no title, assumpsit to recover back the agreed price is not maintainable in the absence of proof, either that the note was negotiable, or that it had been paid.

ON REPORT from *Nisi Prius,* HATHAWAY, J., presiding.

ASSUMPSIT. The declaration contained two counts.

A small dwellinghouse stood upon the land of a third person. It was occupied by one Parody. The defendant sold

Huntingdon *v.* Hall.

it to the plaintiff, at the price of $50, and gave a bill of sale, describing it as "the house now occupied by Parody, and acknowledging to have received pay by two notes, one of $20, and one of $30.

The plaintiff now alleges, that the defendant had no ownership of the house, and the first count in this action is upon an implied warranty of title.

The second count claims to recover back the $50, as having been paid upon a consideration which has failed.

The case was submitted to the Court.

*J. T. Hilliard,* for the plaintiff.

Upon the question whether the sale of personal property, not in possession of the vendor, imports a warranty of title, there is a conflict of authorities. Story, in his work on contracts, § 535, lays down the principle, that "a warranty of title will be presumed, whether the goods sold be, at the time of the sale, in the possession of the vendor or of a third person, unless the contrary be then expressed."

It was upon this authority, that this suit was instituted, and it is relied upon to support the action.

On the second count the defendant is also entitled to recover.

The defendant received the consideration, $50. But he had no title. He received the consideration without an equivalent, and this is the appropriate form of action to recover it back.

The defendant acknowledged he received his pay in notes.

A negotiable note is payment. An unnegotiable note is merely collateral, and is not payment. Hence the notes must have been negotiable. Whether paid or not, they were equal to cash to the defendant, and he may have negotiated them in the market, so that this plaintiff must pay them at all events. If in the hands of a third person, the failure of consideration would afford no defence in a suit against the maker.

*Rowe & Bartlett,* for the defendant.

APPLETON, J. — The plaintiff having purchased a house of the defendant on the land and in the occupation of a third

person, claims to recover back the consideration paid, upon the ground of an implied warranty of title by the vendor in the sale of personal chattels. The contract between the parties shows that the one bought and the other sold the house as personal property, and it must be so considered in determining their rights.

There was no fraud, no express warranty, no delivery of the thing sold, and no *assertion of title* on the part of the vendor before or at the time of sale. The bill of sale discloses that it was not in the possession of the vendor, and the evidence shows that it was on the land of a third person. In such case, no warranty of title will be implied. The implied warranty arises when the vendor is in possession of the chattel himself or by his servant at the time of the sale. " In every sale of a chattel, *if the possession be at the time in another*, and there be no covenant or warranty of title, the rule of *caveat emptor* applies, and the party buys at his peril. But if the seller has possession of the article, and he sells it as his own and not as the agent of another, and for a fair price, he is understood to warrant the title." 2 Kent's Com. 478. This question was elaborately discussed in *Morley* v. *Attenborough*, 3 Wils. Hurls & Gordon, 512, and after a careful review of the English authorities, PARKE, B., in delivering the opinion of the Court, thus declares the law; "It would seem that there is no implied warranty of title in the sale of goods, and that, if there be no fraud, a vendor is not liable for a bad title, unless there is an express warranty or an equivalent to it by declarations or conduct, and the question in each case, where there is no warranty in express terms, is whether there are such circumstances as to be equivalent to such warranty." In *McCoy* v. *Artcher*, 3 Barb. 323, after a careful examination of the decisions in relation to this subject, the Court came to the conclusion, that if the property sold was at the time of the sale in the possession of a third person, and there was no affirmation or assertion of ownership, no warranty of title would be implied, but if there was an af-

firmation of title, in such case the vendor would be subjected to the same liability as if he had possession.

In *Russell* v. *Richards*, 1 Fairf. 433, the doctrine of implied warranty would seem to be limited to the case where the vendor has possession. " A sale of a chattel, "says MEL-LEN, C. J.," *in the possession of the vendor*, amounts to a warranty of title ; not so in the case of real estate." The law is laid down in accordance with these views in the various text books, with the exception of Story on Sales, 535, cited by the counsel for the plaintiff in his argument. Ross on Vendors & Purchasers, 335 ; Long on Sales, Rand's Ed., 201 ; 1 Parsons on Con. 458. The cases where it is asserted in general terms, that in the sales of personal chattels, the law will imply a warranty, will be found to be those in which the vendor was in possession, and where the distinction here considered did not arise, and was not necessarily involved in their determination.

There is no evidence that the plaintiff has paid the notes given for his purchase. It is not necessary to determine whether the money can be recovered back as on a failure of consideration.                               *Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY and RICE, J. J., concurred.