Clapp v. Herdman.

## George B. Clapp and Vanlora J. Clapp
### v.
## Anna Herdman.

*Real Property—Statutory Covenant of Seizin—Breaches—Taxes—Lien —Action for Damages—Outstanding Tax Deed—Measure of Damages— Entry of Remittitur in this Court—Evidence—Instructions.*

1. The statutory covenant of seizin is in legal effect a covenant of title. Unless the grantor, by his deed, invests the grantee with an indefeasible estate in the premises conveyed, there is a breach of his covenant of seizin, for which the grantee may at once bring his action.

2. In the case presented, the evidence introduced in support of the tax deed is sufficient to show a paramount outstanding title. The collector's return was *prima facie* evidence of the assessment and the amount of the tax.

3. Where a grantee has purchased an outstanding title, the amount reasonably and in good faith paid for it, provided it does not exceed the purchase money paid to the covenantor, is the measure of his damages.

4. A grantee, who has paid off taxes which were a lien upon premises when conveyed to him by warranty deed, may recover from the grantor the amount so paid, with interest.

5. The entry of a *remittitur* is allowed in this court in the case presented, the verdict being slightly excessive because of the admission of improper evidence.

[Opinion filed March 28, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. HOWARD HARE, for appellants.

A covenant of seizin, supported by a covenant of warranty, where the covenantee is in possession, is not broken until there has been an actual or constructive eviction. Kirkendall v. Keogh, 2 Ill. App. 492; Backus' Adm'rs v. McCoy, 3 Ohio, 211; Devore v. Sunderland, 17 Ohio, 52; Dickson v. Desire's Adm'rs, 23 Mo. 164; Rawle on Covenants for Title, pp. 51, 73, 74; Oberhizer v. McCullister, 10 Ind. 44; Baxter v. Bradbury, 20 Maine, 260; Adams v. Barnes, 17 Mass. 365; Blackwell on Tax Titles, 4th Ed., 555.

The grantor should have notice of an outstanding adverse claim of title. Harding v. Larkin, 41 Ill. 413; McConnell v. Downs, 48 Ill. 271; Frazer v. Board of Supervisors, 74 Ill. 282.

No tax deed based on any proceedings, the record of which shall appear to have been destroyed, shall be received in any of the courts of this State as *prima facie* evidence of the regularity of such proceedings, unless the person claiming thereunder shall show affirmatively that each and all of the provisions of the law in respect to the assessment, levy, sale and deed have been in all respects complied with, and no presumption shall be indulged in favor of any such tax deed or

sale, etc.   ¶ 23, Ch. 116, R. S. Ill.; Gage v. Lightburn, 93 Ill. 248; Cottingham v. Springer, 88 Ill. 90; Dubois v. Clampeau, 24 Mich. 360.

The plaintiff must show by competent evidence the value of the outstanding tax titles or incumbrances; the amount paid by the plaintiff for such outstanding title or incumbrance is no evidence of its value, in the absence of all other evidence; the jury can not act without proof as to its value.   Anderson v. Knox, 20 Ala. 156; Dickson v. Desire, 23 Mo. 151; Brady v. Spurck, 27 Ill. 478; Massy v. Cram, 1 McCord, 689; Brand v. Foster, 5 Iowa, 289; Bond v. Quattlebaum, 5 Iowa, 584; Hacker v. Blake, 17 Ind. 97; Small v. Reeves, 14 Ind. 164; Nyce's Executors v. Obertz, 17 Ohio, 77.

Mr. William T. Blair, for appellee.

These tax titles being outstanding at the time of their conveyance, adverse and hostile to appellant's title, they are bound in this case to affirmatively make out a perfect title in themselves; they were bound to show below, by a preponderance of evidence, that neither of these titles was of any force or effect—either as a conveyance of or a lien or incumbrance on this land.   Rawle on Covenants of Title, p. 57; Abbott v. Allen, 14 Johns. 247; Baker v. Hunt, 40 Ill. 264.

A seizin in fact is not a fulfillment of the covenant of seizin. Frazer v. Board of Supervisors, 74 Ill. 282.

It makes no difference that the adverse title or incumbrance was known to the grantee at the time.   These covenants are deliberately designed to protect a grantee against such known or suspected claims and titles.   Wadhams v. Innes, 4 Ill. App. 642; Beach v. Miller, 51 Ill. 207; Long v. Moler, 5 Ohio St. 271.

The covenants of seizin and right to convey, and against incumbrances, are *in presenti*, and were violated in this case as soon as made.   They do not run with the land; nor is the grantee required to wait until evicted.   Richard v. Bent, 59 Ill. 38; Jones v. Warner, 81 Ill. 343; Tone v. Wilson, 81 Ill. 529.

A judgment for taxes can not be collaterally impeached. Chicago Theol. Sem'y v. Gage, 11 Bis. 289; Cooley on Taxation (2d Ed.), p. 567; Chestnut v. Marsh, 12 Ill. 173; Spellman v. Curtenius, 12 Ill. 409.

The collector's report is *prima facie* evidence that the land has been properly assessed, the tax duly levied, and that it is not paid, and is sufficient to authorize the judgment. Extension of the tax of this same year, 1870, expressly passed upon in the last case cited below, precisely in point. Buck v. People, 78 Ill. 560; Chiniquy v. People, 78 Ill. 570; Pike v. People, 84 Ill. 80; Hosmer v. People, 96 Ill. 58.

A grantor who has given a covenant of seizin or against incumbrances is not entitled to any notice whatever, if he has violated his covenant. He may be "called upon at any time after the execution of the deed, and at the caprice of his covenantee, to make out a perfect title affirmatively." Abbott v. Allen, 14 Johns. 247; Baker v. Hunt, 97 Ill. 620; Claycomb v. Munger, 51 Ill. 373.

A covenantee is entitled to damages to the extent of the injury sustained by him by reason of his grantor's violation of his covenant. King v. Gilson, 32 Ill. 348.

If it is an incumbrance, and he has removed it, he may recover the sum paid for the purpose, with interest. Willetts v. Burgess, 34 Ill. 494.

MORAN, P. J. An action of covenant was brought by appellee to recover from appellants for certain taxes which were a lien on a lot conveyed to her by appellants, and which she had paid, and also for money paid by her to purchase a tax title which was outstanding against the lot. Appellants conveyed to appellee on July 20, 1882, a lot situate in the City of Chicago, a particular description of which it is not material to set out.

The conveyance was by the statutory form of warranty deed, and appellee went into possession of the premises upon the delivery of the deed to her. The taxes for the year 1882 became a lien on the lot on the first day of May of said year, by force of the statute, and were, therefore, an incumbrance which appellants were bound to discharge. They having failed to do so, it was appellee's right to pay off the incumbrance and appellants were clearly liable to her under the implied covenant against incumbrances in their deed, for the

amount paid by her to discharge said incumbrance, and interest thereon from the date of such payment to the date of judgment.

Appellee recovered, however, not only the taxes of 1882 and interest thereon, but in addition thereto the sum of $500, paid by her to purchase a tax title existing upon the lot by virtue of a tax deed, executed by the County Clerk, upon a sale made for taxes, in October, 1884, in pursuance of a judgment against said lot, upon a report of the collector made of the delinquent taxes of 1873, and of prior years, including 1870. The judgment against the lot in question was for the taxes of 1873, and for the tax of 1870, but the tax of 1873 was paid before sale, and the lot was sold for the 1870 tax, amounting to $19.33, and a certificate issued, and within a year after the expiration of the time of redemption, and on September 3, 1877, a deed was executed to the purchaser at the sale.

The main contention of appellant is based on objections to this tax title and to the recovery by appellee of the money paid by her to purchase it in.

The deed which appellants executed to appellee must, by the terms of the statute, be held to contain a covenant that at the time of the making and delivery thereof, they were "lawfully seized of an indefeasible estate in fee simple in and to the premises therein described, and had good right and power to convey the same."

This is more comprehensive than the ordinary covenant of seizin as used in common law conveyancing, and is not satisfied by the seizin in fact, or actual possession by the grantor and a delivery of such seizin or possession to the grantee. The statutory covenant of seizin is in legal effect a covenant of title, and though the maker of such covenant puts the covenantee in the possession of the premises conveyed, yet unless by his deed he invests him with an indefeasible estate in the premises his covenant of seizin is broken, and the covenantee has the right to at once bring his action for the breach. 4 Kent's Com. 472; Greenly v. Wilcox, 2 Johns. 1; Brandt v. Foster, 5 Iowa, 286.

It is not necessary to allege or prove an ouster or eviction; it is sufficient to negative the words of the covenant and to prove that the grantor did not have title to the land at the time of the conveyance. Richert v. Snyder, 9 Wend. 416; 4 Kent's Com. 479.

The burden of proof was upon appellee to establish that the outstanding title was paramount, and it is asserted by appellant's counsel that she failed to meet this requirement of the case. We have examined the proof introduced in support of the tax deed issued by the County Clerk to Asahel Gage, dated September 3, 1877, and we are of opinion that by said deed Gage obtained a valid tax title to said premises. The proof shows a valid precept, judgment and affidavit, and upon the said tax deed ejectment could have been maintained against appellants for said lot at the time they conveyed it, and against appellee at the time she purchased the tax title. The only objection seriously urged against said tax title is that there is no proper evidence to show that the lot was assessed for the taxes of 1870, for which it was sold, or to show the amount for which it was assessed.

The collector's return has been held to be *prima facie* evidence of the legality of the tax and of its assessment and levy, and that it is due and unpaid. Chiniquy v: People, 78 Ill. 570; Pike v. People, 84 Ill. 80; O. & M. Ry. Co. v. People, 119 Ill. 207.

There being no contrary evidence the *prima facie* proof furnished by the collector's report, was sufficient evidence of the assessment and of the amount of the tax.

Appellee having shown a paramount outstanding title, and that she had purchased the same, what was the measure of her damages? For a total breach, the damage is the consideration money and interest; but if the grantee has lost less, as where the covenant is broken as to a portion only of the land conveyed, the damages are limited to the actual injury sustained. The consideration money and interest is the extent to which damages can, under any circumstances, be recovered for a breach of this covenant. The consideration money is one extreme, and nominal damages the other. Between these

Clapp v. Herdman.

extremes the damages will be determined by various circumstances, and where the paramount title has been bought in by the covenantee, the amount reasonably paid for it, provided it does not exceed the purchase money paid to the covenantor, is held by all the authorities to be the proper limit of the recovery. Rawle on Cov. of Title, Sec. 198; Spring v. Chase, 22 Maine, 505; Price v. Deal, 90 N. C. 295; Anderson v. Knox, 20 Ala. 160.

The case last cited was reversed because the trial Judge told the jury that in the absence of any other evidence as to the value of the outstanding title they might take the amount paid by the plaintiff as evidence of such value. That case is relied on by appellants, and it is urged that in the case at bar the jury had no evidence before them as to the reasonable value of the tax title, save the amount paid, which is no evidence on that point, and, therefore, the verdict is not based on evidence and must be set aside.

If in this case, as in that one, the jury had been misdirected by the court on the point, there might be a basis for counsel's position. But here the jury were properly instructed that they must find that the sum paid for the title was a just and reasonable amount, and that the plaintiff acted in good faith in buying in the title, in order to allow plaintiff's demand. We think the jury had before them evidence from which they might well find that the amount paid for the tax title was the price thereof. There was proof of the situation of the lot and the market value thereof, as well as the amount which appellee paid to appellant for it, on the assumption that she was obtaining a valid, merchantable and indefeasible title. From this proof the jury could readily conclude whether the sum of $500 was a reasonable amount to pay for the outstanding paramount title, and the evidence, showing the negotiation by appellee for the purchase, furnished proof that she fairly and necessarily paid that amount, for the holder of the tax title would not sell for a less sum. The jury adopted the measure of damages that was just and fair, and allowed appellee only the amount which she actually paid out for the tax deed, and the amount paid for the taxes of 1882, with interest

thereon from the time of payment to the date of verdict. Claycomb v. Munger, 51 Ill. 373, 377.

There was an error in admitting in evidence the tax deed of 1878, based on the sale for the taxes of 1869. There was no judgment in evidence to support said deed and it was therefore invalid as a title. We do not think it was an incumbrance or that it could be treated as such in this action. The consideration paid for said tax title was $1, and to that extent the verdict is too large.

Appellee has offered to remit said sum in this court and there being no other error in the record, she will be allowed to enter said *remittitur* here, and the judgment will then be affirmed.

*Judgment affirmed.*