[No. 5465.]
[No..3135 C. A.]

SEYFRIED V. KNOBLAUCH.

1. **Pleading — Uncertainty and Ambiguity — Motion to Separate Causes of Action.**

A complaint alleged that defendant sold and, by warranty deed, conveyed to plaintiff an undivided two-ninths interest in a ditch and the appropriations of water belonging thereto, the deed

containing covenants that the grantor was well seised of the premises and had right to sell and convey, and also covenants of quiet enjoyment and general warranty; that defendant was then the owner of only a thirteen seventy-seconds interest in the ditch and waters; that this was so decreed in a suit against plaintiff and defendant; and demanding judgment of defendant for the value of the three seventy-seconds interest which defendant purported to, but did not, convey. Held, that the complaint might have been subject to a special demurrer for uncertainty or ambiguity, but when fairly construed, as against a motion to separate causes of action, it states and relies on but one cause of action, and that is for breach of seisin.—P. 90.

2.  **Practice in Civil Actions—Covenants—Seisin—Breach—Eviction—Evidence.**

To sustain an action for breach of covenant of seisin, it is not necessary to prove an eviction.—P. 90.

3.  **Covenant of Seisin—Nature—Breach.**

The covenant of seisin is not satisfied merely by delivery of actual possession, but is one for title, and is broken upon delivery of the deed if the covenantor does not then have title or lawful right to convey.—P. 90.

4.  **Covenants—Title Attacked in Court—Duty of Covenantor.**

In the absence of a statute, the general rule imposes the duty on any covenantor, and particularly on a warrantor, when his title is attacked in court, to give an express, unequivocal and certain notice to his covenantor to come in and defend that title, if the former wants to make the judgment binding on the latter; and unless he does so, the judgment in the suit would not be even prima facie evidence of paramount title in the stranger attacking it, although it may be evidence of the fact of eviction. —P. 91.

5.  **Judgment — Conclusiveness — Persons Concluded — Effect of Dismissal as to Party.**

Defendant conveyed water rights to plaintiff with covenants, and a third person, claiming part of such rights, brought action against both plaintiff and defendant, and, after the action had been dismissed as to defendant upon his filing a disclaimer, recovered judgment against plaintiff. Held, in an action on the covenant, that the judgment for such third party was as conclusive evidence against defendant as if he had been expressly notified by plaintiff to come in and defend his title thereto.—P. 92.

6.  **Covenants—Breach—Measure of Damages.**

In an action for breach of covenant of seisin, the proper measure of damages is the value of the premises at the time

of sale, estimated by the consideration money, together with interest up to the time of trial; ___d, if the title fails as to part only of the premises, its proportionate value is the measure.— P. 94.

7. **Appellate Practice—Invited Error—No Cross-Error.**

Defendant, having in the introduction of his evidence ignored the true rule of the measure of damages for breach of covenant of seisin, may not complain that the court adopted a wrong rule, especially where the damages under the true rule are not so great as those awarded; nor can the plaintiff complain where he has assigned no cross-errors.—P. 94.

*Appeal from the District Court of Rio Grande County.*

*Hon. Chas. C. Holbrook, Judge.*

Action by Rudolph Knoblauch against Mathaus Seyfried. From a judgment for plaintiff, defendant appeals.            *Affirmed.*

Mr. Ira J. Bloomfield, for appellant.

Mr. Jesse C. Wiley, Mr. G. P. Nevitt, and Messrs. Richardson & Hawkins, for appellee.

The amended complaint alleges that defendant Seyfried sold, and by deed of warranty conveyed, to plaintiff Knoblauch, for the consideration of five thousand dollars, certain lands and two shares of water in an irrigating ditch. The deed contained covenants that the grantor was well seised of the premises conveyed "as of good, sure, perfect, absolute, and indefeasible estate of inheritance in law in fee simple," and had good right and lawful authority to sell and convey the same, and covenants of quiet enjoyment and general warranty. The parties agree that the two shares of water mean an undivided 2-9 interest in the ditch and the appropriations of water belonging thereto. The amended complaint says that defendant Seyfried was not then the owner of the amount of water and interest in the ditch which he

purported to convey, but only 13-72 interest therein, being 3-72 less than the interest described in the deed. There is a further allegation that, after the deed was delivered to plaintiff, Moses Hallett, claiming to own an interest in the ditch and its appropriations of water, brought an action in the appropriate court in which plaintiff and defendant herein were made parties defendant, in which a decree was entered determining, as between themselves, the rights of the respective owners of the ditch and water right, by which Knoblauch's interest, which he bought of Seyfried, was decreed to be 13-72 of the ditch and its appropriations. Plaintiff demanded judgment of defendant for the value of the 3-72 interest which defendant purported to, but did not, convey or deliver to plaintiff. Defendant filed a motion to require plaintiff to separate the two alleged causes of action in the amended complaint, defendant's position being that the complaint contained two distinct causes of action: One for a breach of the covenant for seisin, the other for a breach of the covenant of warranty. This motion was overruled by the trial court; whereupon defendant filed an answer admitting the execution and delivery of the deed as set forth in the amended complaint, and alleging that he delivered to plaintiff the two shares of water which he conveyed, and plaintiff accepted the same and took possession thereof and thereafter used and enjoyed the benefit thereof. The answer further alleges that defendant then owned two shares of water which had been theretofore decreed to the irrigating ditch and conveyed them to the plaintiff, who then and there received the same for his benefit. The answer also says that if any judgment or decree, such as is alleged in the complaint, was rendered, whereby it was adjudged that when defendant made such conveyance he was not the owner or did not

have full right to convey two full shares of water, that defendant had no notice of the action in which it was rendered. Upon the issues thus made there was a trial to the court without a jury, and a judgment for plaintiff in the sum of $281.25, from which defendant appealed.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

1. Possibly the amended complaint is uncertain or ambiguous and might have been subject to a special demurrer upon that ground.—Code, § 50. Fairly construed, however, we think that only one cause of action is stated therein and relied on by plaintiff, and this is a breach of the covenant of seisin. The motion to separate the supposed causes of action was therefore properly overruled.

The action being one for breach of covenant of seisin, to sustain it there was no necessity for proving an eviction. If it was essential for plaintiff to prove that actual possession was not delivered to him of the 3-72 interest in this water right and the appropriations belonging thereto, this action must fail, for it is clear that immediately upon the delivery of the deed defendant withdrew from, and plaintiff entered upon, possession of the lands conveyed, and as soon as the irrigating season arrived used and enjoyed the benefit of the water right as conveyed. The covenant of seisin which is contained in this deed is, however, not satisfied merely by delivery of actual possession. This covenant is now regarded as one for title, and is broken upon delivery of the deed if the covenantor did not then have title or lawful right to convey.—*Hayden v. Patterson*, 39 Colo. 15; *Frazer v. Supervisors*, 74 Ill. 282; *Tone v. Wilson*, 81 Ill. 529; *Clapp v. Herdman*, 25 Ill. App. 509; Rawle on Covenants for Title (5th ed.), §§ 44, 56.

The question here for decision, therefore, is whether at the time of the delivery of the deed the grantor, defendant herein, had lawful title to the entire 2-9 interest in the water right which he purported to convey. Aside from the decree of the district court in the Hallett case, mentioned in the amended complaint, there was no evidence whatever that defendant did not have paramount title to the full two shares. If the decree is binding upon him, it conclusively establishes the fact that he then had only 13-72, instead of 16-72, interest in the ditch and water right. It is the contention of defendant that under section 437, Mills' Ann. Stats., he, as a warrantor in the deed, is not liable to the warrantee in this action, on the covenant, unless an unequivocal notice by the warrantee was given to him to come in and defend his title in the Hallett suit; and as such notice was not given, this action must fail. This section of the statute, by its terms, applies only to a covenant of warranty, but if it includes a covenant for seisin, we are of opinion that plaintiff's recovery herein is not defeated by his failure to observe its provisions when the Hallett suit was pending. In the absence of this statute, the general rule would impose the duty on any covenantee, and particularly on a warrantee, when his title is attacked in court, to give an express, unequivocal and certain notice to his covenantor to come in and defend the title, if the former wants to make the judgment binding on the latter; and unless he does so the judgment in the suit would not be even *prima facie* evidence of paramount title in the stranger attacking it, although it may be evidence of the fact of eviction. Our statute in one respect imposes additional terms in that the covenantee cannot surrender possession to the holder of the paramount title before suit brought.—*Tierney v. Whiting et al.*, 2 Colo. 620.; 1 Freeman on Judgments

(4th ed.), §§ 181, 187; 2 Black on Judgments (2d ed.), § 567; Rawle, §§ 123-125; 8 Am. & Eng. Enc. of Law (2d ed.), p. 90 *et seq;* 11 Cyc., p. 1106 *et seq.*

This record is silent as to whether or not the covenantee, plaintiff here, gave to the covenantor, defendant here, a notice to come in and defend his title in the Hallett suit. It does, however, appear that the covenantor was made a party to that action by the plaintiff there, and the pleadings in the case advised him that an attack was being made upon the title which he had conveyed to his covenantee. The allegations of the complaint in that action were, in legal effect, that the covenantor did not at the time of his conveyance to his covenantee own, and was not legally or rightfully in possession of, and therefore could not convey, a 3-72 interest in the water right which he assumed to convey. His covenantee filed an answer in that action alleging ownership of the full 2-9 interest as the result of the conveyance from defendant. These issues were known to the covenantor when he filed his answer therein disclaiming any interest, and when he was dismissed from the action as having then no interest in its subject-matter. Afterwards the judgment in the Hallett action was that 3-72 of the 2-9 interest in the water right which the covenantor assumed to convey did not then belong to him. The covenantor, it is true, was not a party to the action when the final judgment was rendered, and ordinarily, in such a case, would not be bound thereby. But we think that when the covenantor was made a party to the Hallett action and knew what the issues in the case were, he is just as much bound by the judgment that was rendered therein as if he had been expressly notified by his covenantee to come in and defend his title, even though he voluntarily took himself out of the case before judgment passed. Certainly the same duty

was upon him to defend his title when made a party by the plaintiff in that action as where he is made a party by being impleaded as the result of proper notice from his covenantee. In his treatise on covenants, Mr. Rawle, at section 125, says that if the covenantor is a party to a suit attacking the title which he conveyed, the court will, in an action on the covenant, be authorized to instruct the jury that the recovery is conclusive upon and binds the defendant covenantor. A case in principle like this is *Morgan et al. v. Muldoon*, 82 Ind. 347, 352. In speaking to this point, the court said:

"In analogy to the process called 'voucher' at the ancient common law, whereby the impleaded warrantee might bring in his warrantor as the real party, and thus make him defend the action, so the object of notice is to make the covenantor either actually or constructively a party, in order that there may be an application of the rule, that the judgment of a court of competent jurisdiction can not be inquired into collaterally, which rule applies only to those who are said to be parties or privies to the action." There the covenantor appeared in the action as a party to the suit and filed an answer and otherwise participated in the proceeding. Afterwards, and before final judgment, he died, and the suit was abated as to him. The court held that the subsequent judgment was conclusive upon the executors of the covenantor, so that they could not in an action on the covenant offer evidence to show that the title of the covenantor was paramount.—23 Cyc., pp. 1239-1271.

The parties are in accord that the trial court adopted a wrong rule to measure plaintiff's damage. In an action for breach of a covenant for seisin the measure of damages is the value of the premises conveyed at the time of the sale, to be estimated by the

consideration money, together with interest up to the time of trial. If the title fails as to a part only of the premises, its proportionate value is the measure. —Rawle on Covenants, §§ 158-161; *Jones v. Hayden,* 3 Col. App. 305; *Dalton v. Bowker,* 8 Nev. 190.

Neither party, however, can take advantage of this error of the trial court. It seems that, without objection, both of them introduced evidence as to the value of the water right at the time of the trial. Just how the trial court arrived at the amount of the judgment which it rendered is difficult from this record to say; but some evidence was produced from which it could be so fixed. Defendant can not object to the amount, since he ignored the true rule in the production of his evidence, and also because, under that rule, plaintiff's damage was at least equal thereto. Plaintiff can not complain for he has not assigned cross-errors.

Perceiving no prejudicial error in the record, the judgment is affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.