### 17414. BARRETT *v.* MILLER.

JENKINS, P. J. 1. A sale of stolen property by one who has acquired it in good faith to another bona fide purchaser does not divest the true owner's title. *Giles* v. *Citizens Ins. Co.,* 32 *Ga. App.* 207 (122 S. E. 890).

---

Sales, 36 Cyc. p. 362, n. 45; p. 394, n. 97; p. 461, n. 59; p. 465, n. 92.

2. The vendor of personal property is presumed to impliedly warrant the title thereto. Civil Code (1910), § 4135; *Malsby* v. *Widincamp*, 24 *Ga. App.* 737 (1) (102 S. E. 178).

3. In an action by a vendee of personal property on the vendor's implied warranty, where it appeared that under a judgment against the vendee in a suit of the true owner the vendee had been compelled to surrender possession of the property, the court did not err in admitting in evidence the judgment adverse to the vendee's title, where it appeared, without objection and without dispute, that the vendee had notified the vendor of the pendency of that proceeding, and that the vendor, instead of making a defense to it, told his vendee that "when they prove it was a stolen car" he would gladly refund the purchase price, and where it appeared that with full notice of the pendency of the suit, and being actually present at the trial thereof, the vendor permitted judgment to be rendered against his vendee. In such a case, under the provisions of section 5821 of the Civil Code (1910), the judgment was conclusive upon the party thus vouched, as to the amount and the right of the plaintiff to recover in the former suit.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 13, 1926.

Complaint; from White superior court—Judge J. B. Jones. April 13, 1926.

*C. H. Edwards, B. P. Gaillard Jr.,* for plaintiff in error.

*A. H. Henderson, W. N. Oliver,* contra.