RALPH A. MacDONALD ET AL *vs.* MACK MOTOR TRUCK COMPANY.

Washington.    Opinion April 13, 1928.

*R. J. McGarrigle*, for plaintiffs.
*Frederick Wingersky*,
*H. J. Dudley*, for defendant.

Sitting: Philbrook, Dunn, Barnes, Bassett, Pattangall, JJ.
Dunn, J., concurring in the result.

Philbrook, J. This is an action brought by the plaintiff to recover damages for a breach of warranty of title in the sale of a used motor vehicle sold for cash by the defendant to the plaintiff. The plaintiff claims that under a certain written agreement or contract entered into by the parties there was a warranty of title as to the automobile in question. The presiding justice instructed the jury that there was no warranty of title contained in the contract or agreement and directed the jury to bring in a verdict for the defendant. To this ruling and instruction the plaintiff seasonably excepted and the case is before us upon exceptions.

It is unnecessary to rehearse all of the contract but the essential parts thereto are contained in the first two paragraphs, viz.:

"1. The company makes no warranty whatever in respect to this used motor vehicle or any part thereof and the purchaser proposes to buy such used vehicle as it stands without any guarantee whatever.

"2. The title and ownership of the motor vehicle, parts and accessories called for and to be furnished under the terms of this contract, shall remain in the company until the full and final payment of cash therefor shall have been made by the purchaser. In case of default in any of the payments above provided for the company may repossess itself of the above mentioned motor vehicle, parts and accessories wherever found."

The defendant urges that the language of the first paragraph "makes no warranty whatever" exonerates the defendant from any claim that there was a warranty of title. In examining the entire contract we are satisfied that the intention of the parties was that the defendant in making the sale made no warranty whatever in regard to the condition of repair or running condition of the automobile, or other elements in that line.

The question of warranty of title, however, is quite a different proposition. This depends upon the interpretation of the second paragraph above quoted. Under the authority of 35 Cyc. 389, and cases there cited, an affirmation by the seller that the goods are his, or that he is the owner, constitutes a warranty of title.

In *Balte* v. *Bedemiller*, 37 Ore. 27, 60 Pac. 601, 82 Am. St. Rep. 737, and supported by a citation from *Benjamin on Sales*, Sec. 627, it is held that in the sale of an ascertained, specific chattel, an affirmation by the vendor that the chattel is his is equivalent to a warranty of title and in 2 Blackstone, 3rd Edition, Star page 451 that learned author says, "A purchaser of goods and chattels may have satisfaction from the seller if he sells them as his own and the title proves deficient, without any expressed warranty for that purpose. In a long and learned note by Judge Freeman in *Scott* v. *Hix*, 62 Am. Dec., at page 465, it is said that when a purchaser of a chattel relies upon the vendor's assertion of ownership, and it is intended that he should do so, he is relying upon a warranty. In *Pasley* v. *Freeman*, 3 T. R. 58 it is said that an affirmation of title to a chattel by a vendor, at the time of sale, is a warranty whether the vendor is in or out of possession. In *Huntingdon* v. *Hall*, 36 Me. 501 Mr. Justice Appleton says that if the seller was possessed of the article, and he sells it as his own, and not as the agent of another, and for a fair price, he is understood to warrant a title. But the case which seems to be decisive of the principle involved in the exception is *Pierce* v. *Banton*, 98 Me. 553. The controversy in that case arose under the terms of a written agreement, as in the case at bar. For convenience in comparison between the latter case and the instant case we submit the following parallel statements:

| *Pierce* v. *Banton*, supra | *Case at Bar* |
| --- | --- |
| Said grantee hereby agrees that the said grantor shall reserve and retain full and complete ownership and control of all lumber which shall be cut and removed from the aforementioned premises until all matters shall be settled and the agreed stumpage paid. | The title and ownership of the motor vehicle, parts and accessories called for, and to be furnished under the terms of this contract, shall remain in the Company (Defendant) until the full and final payment of cash therefor shall have been made by the purchaser. |

In *Pierce* v. *Banton* the Court, speaking through Mr. Justice Strout, and without dissenting opinion, stated that this language fairly amounts to an assertion of title by the licensor to the timber on the permitted lands. They could not "reserve and retain

complete ownership" of that to which they had no title. The expression is equivalent to saying — we now own this timber and we retain such ownership till payment is made. Such assertion of the title is a warranty of title.

If we correctly understand the court in *Pierce* v. *Banton,* and the rule there laid down is still the rule in this state, the case not having been overruled, we cannot escape the conclusion that there is an assertion of title in the contract between the parties in the instant case, which assertion of title is a warranty thereof.

Accordingly we hold that the mandate must be

*Exceptions sustained.*