### 24151.   COOK v. POLLARD.

DECIDED FEBRUARY 2, 1935.   REHEARING DENIED MARCH 1, 1935.

*Aaron Kravitch,* for plaintiff in error.   *Casper Wiseman,* contra.

JENKINS, P. J.   ■   Under the Civil Code (1910), § 4135, unless the contract of sale provides otherwise, "the vendor of personal property is presumed to impliedly warrant the title thereto." *Barrett* v. *Miller,* 36 *Ga. App.* 48 (2) (135 S. E. 111).

■   The rules as to the rights, procedure, and legal consequences of vouching into court a person who is not a party to the case are not limited to the provision in the Civil Code, § 5821, that, "where

a defendant may have a remedy over against another, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein will be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." This section "is not of statutory origin, but is simply an adaptation of the language employed by the Supreme Court in the cases of *Western & Atlantic R. Co.* v. *Atlanta,* 74 *Ga.* 774; *Faith* v. *Atlanta,* 78 *Ga.* 779 (4 S. E. 3)." *Usry* v. *Hines-Yelton Lumber Co.,* 176 *Ga.* 660, 667 (168 S. E. 249); *Raleigh & Gaston R. Co.* v. *W. & A. R. Co.,* 6 *Ga. App.* 616 (65 S. E. 586). This right of voucher where one has "a remedy over against another" has been particulary applied to tort cases where the liability of the party vouching arises merely from some negative act of omission, and the proximate cause of the injury, as between him and the vouchee, is some positive act or primary duty and responsibility of the vouchee, such as, in cases involving a municipal corporation, where a person creates an obstruction, excavation, or nuisance in a sidewalk or street. See *Western & Atlantic R. Co.* v. *Atlanta,* and *Faith* v. *Atlanta,* supra; *Central of Ga. Ry. Co.* v. *Swift,* 23 *Ga. App.* 346 (98 S. E. 256); Chicago v. Robbins, 2 Black, 418, 422, 423 (17 L. ed. 302). But the right or remedy in favor of a voucher, although thus applied in tort cases, is of ancient common-law origin, being originally applied against a warrantor by a warrantee, who might bring in the warrantor of his title to land as the real party, and make him defend against the adverse claim of title. Rawle on Covenants, § 125; Morgan v. Muldoon, 82 Ind. 347, 352, quoted in Seyfried v. Knoblauch, 44 Colo. 86 (96 Pac. 993, 995); 67 C. J. 280; 3 Bouvier's Law Dic. (Rawle's 3d Rev.), 3412, 3432. Thus, the remedy by voucher has long been applicable to covenants warranting the title or seisin of land, the rule being that, "where a defendant in an action of ejectment may have an action over against a warrantor of title, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein will be conclusive upon the party vouched as to the right of the plaintiff to recover." *Taylor* v. *Allen,* 131 *Ga.* 416, 418 (62 S. E. 291); *Turner* v. *Tidwell,* 141 *Ga.* 123 (80 S. E. 901); *Haines* v. *Fort,* 93 *Ga.* 24 (3), 28 (18 S. E. 994); 15 C. J. 1265-1267. The right to bind a warrantor by notice of suit has also been applied where a purchaser was the plaintiff and not the defendant in an action to recover pos-

session from a third person. *Gragg* v. *Richardson, 25 Ga.* 566 (71 Am. D. 190); *Ashburn* v. *Watson, 8 Ga. App.* 566, 567-569 (70 S. E. 19). The principle, independently of the Code, was also recognized in the early case of *Bullock* v. *Winter,* 10 *Ga.* 214, 217, where it was held that "when a party liable over as transferrer to the transferee of a promissory note is notified of a plea of failure of consideration filed by the maker, in a suit brought by the transferee thereon, he, the transferrer, is a privy in law to the judgment rendered against the plaintiff on such plea, and is concluded thereby," that as to such a defense the judgment of the court "is res adjudicata," that "he has had his day in court—he has been heard, or he might have been heard," and that "he is estopped from denying, on any ground, that there was a failure of consideration." In cases of sales of personalty, where the title of a vendee has been attacked in previous litigation, and his vendor has been duly vouched into court with full opportunity to defend the title, an adverse judgment of the court has generally been held conclusive against the vender on the question of title, where he is subsequently sued by the vendee for a breach of the warranty of title. See 55 C. J. 784-786. Thus, it has been held by this court that "in an action by a vendee of personal property on the vendor's implied warranty, where it appeared that under a judgment against the vendee in a suit of the true owner the vendee had been compelled to surrender possession of the property, the trial court did not err in admitting in evidence the judgment adverse to the vendee's title, where it appeared, without objection and without dispute, that the vendee had notified the vendor of the pendency of that proceeding, and that the vendor, instead of making a defense to it, told his vendee that 'when they prove it was a stolen car' he would gladly refund the purchase price, and where it appeared that with full notice of the pendency of the suit, and being actually present at the trial thereof, the vendor permitted judgment to be rendered against his vendee;" and that "in such a case, under the provisions of section 5821 of the Civil Code (1910), the judgment was conclusive upon the party vouched, as to the amount and the right of the plaintiff to recover in the former suit." *Barrett* v. *Miller,* supra. Accordingly, where, under the allegations of the instant petition, a person bought an automobile from another, and, it having developed that the car had been stolen from the true owner, the owner brought a

bail-trover proceeding against the vendee, alleging the plaintiff's ownership of the title, and, after the defendant vendee had given timely written notice to the vendor as to the pendency of the suit, calling upon him to appear and defend under his warranty of title, the court rendered a judgment in favor of the plaintiff for the recovery of the property with costs, but without any alternative verdict for the value of the property or damages for its hire, and stated in the judgment that the case was submitted to the judge without a jury, by agreement of counsel for the plaintiff, the defendant, and the vouchee; and where the defendant vendee then brought the present suit against the vendor on his breach of warranty of the title, to recover the purchase-price of the automobile and the court costs incurred in the former suit, the vendee, both under the general law as to voucher of force in this State and under a proper construction of the Code, § 5821, would be entitled to plead and prove the previous voucher of the vendor and the adverse judgment rendered, as conclusive against the vendor on the question of title and breach of the implied warranty.

■ ■ While it has been said in certain tort cases, where one tort-feasor has "a remedy over against another," that in order that "the judgment obtained therein will be conclusive upon the vouchee as to the amount and the right of the original plaintiff to recover, [there]must be such a remedy over against the vouchee as that the issues in the two suits would be practically identical, both on the question of liability and the question of the amount of damages," and that "there must at least be such a relation between the parties that the defenses which the vouchee could set up in the original suit would be the same defenses that he could set up if he were sued by the voucher" (*Usry* v. *Hines-Yelton Lumber Co.,* supra), quoting language used in *Raleigh & Gaston R. Co.* v. *W. & A. R. Co.,* supra, these rules as to the issues and possible defenses being the same in the two suits "both on the question of liability and the question of the amount of damages" have manifestly no application to actions for a breach of warranty of title where the judgment in the previous suit has deprived the vendee of his title and possession, where the vendee in his action on the warranty does not seek to recover the amount of damages recovered against him in the previous trover suit, and especially where the judgment in that suit has merely awarded to the plaintiff the property in question, without

including any amount for hire and without rendering any alternative money judgment. "In an action of trover the issue is one of title, and not of debt, . . the sole issue in the trial of an action of trover is that of title to the property in dispute; and the fact that the plaintiff may elect to take a money verdict in lieu of the specific personalty claimed can in no event alter that issue." *Citizens Bank* v. *Mullis,* 161 *Ga.* 371 (131 S. E. 44) ; *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698, 90 Am. St. R. 102). The general rules as to the measure of damages in actions of trover and actions on warranties of title are different. In trover, the property alone may be recovered, but if an alternative money verdict for damages is elected, the measure of damages is the value of the property, which need not be commensurate with the amount which the defendant may have paid to a third person as his purchase-price. See *Campbell* v. *Trunnell,* 67 *Ga.* 518, 520; Civil Code, §§ 4483, 4484, 4514, 5929, 5930. The mesne profits and the value of land involved in an ejectment suit also have no connection with the measure of damages recoverable in a subsequent action by the vendee, who has lost the land, against the vendor on his breach of warranty. See Civil Code, §§ 5575, 5587, 5588. It is the general rule that the measure of damages on a breach of warranty of personal property is "the purchase-money with interest and expenses properly incurred by the vendee in attempting to defend his title." *Smith* v. *Williams,* 117 *Ga.* 782 (2), 784 (49 S. E. 394, 97 Am. St. R. 220). A similar rule obtains in a breach of warranty of title to real estate. *Taylor* v. *Allen,* supra, Seyfried *v.* Knoblauch, supra. In the instant action on a breach of warranty of the title to personalty, the plaintiff vendee was not precluded from relying on the conclusive force and effect of the previous judgment with regard to the title by the fact that other issues might be involved in the suits.

It is unnecessary to determine as to whether the measure of damages in this case might be different, and as to whether the parties would be limited in the present action to the amount of damages recovered against the vendee in the previous trover suit, if such damages had been there recovered, since in the previous suit the plaintiff recovered from the vendee merely the property and court costs, and there was no' alternative money verdict or judgment in lieu of the property and no money recovered for its hire. The conclusiveness of the former judgment is invoked only with regard to the question of title.

■ In his original petition, the plaintiff alleged that "the said defendant gave petitioner a bill of sale for said purchase, warranting the title to said automobile." The defendant contends that, since this was an averment basing the cause of action on an express warranty of title, the court erred, under the Civil Code, § 5683, in allowing an amendment setting up in the place of this allegation that "the said defendant gave petitioner a bill of sale for said purchase, impliedly warranting the title to said automobile to be good and valid," upon the ground that the amendment set up a new cause of action. Attached to the original petition and made part of it were the pleadings in the former trover suit, in which the defendant vendor was vouched into court by the present plaintiff vendee, who was there the defendant, and in which the vouchee participated, and the title to the automobile involved was adjudicated adversely to the present parties. The written voucher notice stated, "I hold said automobile under your warranty of title," without stating whether the warranty was express or implied. However, in his answer in the former suit, the vendee expressly stated that he had purchased the car "with the *implied* warranty of the [vendor] that he had good and valid title thereof." There was no ground of special demurrer to the present original or amended petition because of ambiguity or duplicity in failing to show clearly whether the plaintiff relied on an express or an implied warranty. The conditional-sale contract, which by the amendment was made part of the petition contained these provisions: "It is agreed that the title to, ownership in, and right of possession of said motor-car are vested in you until said indebtedness and all other sums of money payable to [the vendor] shall have been fully paid in money, at which time ownership shall pass to [the vendee]." "Under the early common law . . no implied warranty of title was recognized" (Edwards *v.* Beard, 211 Ala. 251, 100 So. 101, 103) ; but so numerous were the exceptions that it was said by Lord Campbell that the exceptions "well nigh eat up the rule." Sims *v.* Marryat, 17 Q. B. 281, 117 Reprint, 1287; Morley *v.* Attenborough, 3 Exch. 500, 154 Reprint, 943. While the rule stated in section 4135 of the Civil Code, that an implied warranty of title inheres in every sale of personalty unless it is contracted otherwise, prevails generally both in this country and in England, it was recognized also at common law, as stated in 2 Blackstone (3d ed.), 451, that "a purchaser

of goods and chattels may have satisfaction from the seller *if he sells them as his own* and the title proves deficient, *without any expressed warranty for that purpose.*" Courts in jurisdictions which do not recognize an unlimited implied warranty of title under all circumstances have generally held that an affirmation by a vendor that *he has title or ownership* will carry with it a warranty of the title. See Huntingdon *v.* Hall, 36 Me. 501 (58 Am. D. 765); Pierce *v.* Banton, 98 Me. 553 (57 Atl. 889); MacDonald *v.* Mack Motor Truck Co., 127 Me. 133 (142 Atl. 68); Balte *v.* Bedemiller, 37 Ore. 20 (60 Pac. 601, 82 Am. St. R. 737); Benjamin on Sales, § 627; 55 C. J. 781, 782. Even though the original petition was ambiguous in its averment that the defendant "gave petitioner a bill of sale for said purchase, warranting the title to said automobile," this language did not necessarily import that the bill of sale contained an express warranty of the title. Under the above principles, it might properly be construed as an allegation that the legal effect of the bill of sale and transaction was to warrant the title. In the absence of any special demurrer attacking the ambiguity, the general rule will be applied that, while allegations of fact are to be construed most strongly against the pleader, yet "where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the courts in such a case, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action." *Stoddard v. Campbell,* 27 *Ga. App.* 363 (108 S. E. 311). This principle is applicable to an amendment as well as to the original pleading. Assuming, without deciding, that, where one suing on a breach of warranty of title bases his action on an express warranty, a subsequent amendment setting up an implied warranty should not be allowed, as being "a new and distinct cause of action," in contravention of section 5683 of the Civil Code (see *International Harvester Co.* v. *Dillon,* 126 *Ga.* 672, 55 S. E. 1034; *Moore* v. *Hendrix,* 144 *Ga.* 646 (3), 650, 87 S. E. 915; *Kraft* v. *Rowland,* 33 *Ga. App.* 806, 128 S. E. 812; *Jones* v. *Schachter,* 31 *Ga. App.* 709 (3), 121 S. E. 691; *Southern Ry. Co.* v. *Campbell Coal Co.,*

41 *Ga. App.* 83, 84, 151 S. E. 661; *Barlow Guano Co.* v. *Adair,* 29 *Ga. App.* 644, 116 S. E. 342), the instant amendment, explicitly alleging that the warranty relied upon under the bill of sale was implied, did not set up a different cause of action inconsistent with that set forth in the original petition, since the first allegations, when construed under the rule stated "so as to uphold and not to defeat the action," may be properly taken as also basing the cause of action upon an implied warranty. This is especially true since the vendee's answer in the previous trover suit, which the present original petition pleaded as a part thereof, stated that the vendee bought the property from the vendor "with the *implied warranty* of the said [vendor] that he had good and valid title thereof." The court, therefore, properly allowed the amendment.

■ For the reasons stated, there was no error in overruling the demurrers to the original and the amended petition.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

ON MOTION FOR REHEARING.

JENKINS, P. J. The true owner of an automobile sued in trover to recover it from a vendee who had purchased it from a third. person, whereupon the vendee, having lost the car by the judgment in the trover action, sued his vendor for the purchase-money and the court costs incurred in the former suit. In the original opinion, this court followed the rule laid down by the Supreme Court in *Smith* v. *Williams,* 117 *Ga.* 782 (supra), that the measure of damages for a breach of warranty to personalty "is the purchase-money with interest and expenses properly incurred by the vendee in attempting to defend his title." On a motion for rehearing, the plaintiff in error, the vendor, now raises the contention, which was not heretofore presented, that under the measure of damages as held he would be unable to deduct from the purchase-money the value of the use of the car while it remained in the hands of the vendee until his dispossession under the trover judgment in favor of the true owner. It appears that the rule in many States as to damages is not that prevailing in Georgia. Some courts hold that the measure is the value *at the time the vendee is deprived of the property,* allow other damages necessarily arising out of the transaction, and limit a recovery to the actual loss sustained by the vendee if he has enjoyed a long use of the property before dispossession. See 55 C. J. 890, 891, and cit.; 24 R. C. L. 269. As shown by the

text in the works cited, however, the courts of a majority of jurisdictions as well as of this State, under the *Smith* decision, supra, hold that the general measure of damages is the amount of the original purchase-price, interest, and necessary expenses incurred in the defense of the title. The value of the use of the property during its possession is thus excluded as an element of recovery, either upon the theory of hire under an express or implied contract between the vendor and vendee, or upon the theory that the value of the property at the time of its loss is the correct measure, thus indirectly allowing a deduction for depreciation of the property by its use.

Under the Code of 1933, § 20-1412 (Code of 1910, § 4400), "upon a covenant of warranty of title to land, the damages should be the purchase-money with interest thereon from the time of sale, unless the jury should think, under the circumstances of the case, that the use of the premises was equal to the interest on the money, and that such equitable set-off should be allowed." The general measure of damages on warranties of title to land is thus the same as on warranties of title to chattels, in basing the recovery on the original consideration with interest, except that the jury is permitted to allow an equitable set-off of the value of the use of the premises against the interest on the purchase-price, if they think, under all the circumstances, that the value of the use equals the interest. See *Taylor* v. *Allen,* 131 *Ga.* 416 (supra). However, the Code makes no provision for any such offset, equitable or otherwise, in warranties of personalty. Even in land cases the statute does not allow the equitable set-off against the purchase-price, but permits it only against the interest. Although our statutory provision as to the use of the land offsetting interest does not seem to prevail generally elsewhere, our rule, with this exception, is in force in most States. See 15 C. J. 1318, 1330, 1331, and cit. In the instant case the petition of the vendee sought the recovery of the original purchase-price and the court costs expended in the previous trover action, under the rule in the *Smith* case as to warranties of personalty. It did not seek the recovery of any interest, and therefore, even if the statutory rule in land cases, permitting an equitable set-off of the use of the property against interest, could be properly extended to personalty actions, the principle would have no application in this particular case.

There was no bailment or other contractual relation which could authorize the vendor to recover from the vendee the hire of the property under any theory of legal right after the title and possession passed from the vendor to the vendee. So far as this case is concerned, it does not appear that the vendor could be harmed either legally or equitably by a failure to allow the hire or use of the property to be deducted from the purchase-price paid by the vendee. While the vendee had the use of the automobile, the vendor likewise had the use of the purchase-money since the sale, not only until the vendee lost the car, but subsequently. All that the vendee seeks is the return of this money and the court costs incurred in his unsuccessful defense of the title, but without any interest. We do not think, therefore, that the motion for rehearing states any ground requiring a modification of the original decision.

*Rehearing denied. Stephens and Sutton, JJ., concur.*