GEORGE YATTAW *vs.* ANGELO ONORATO.

JANUARY 9, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of the case in assumpsit. The trial justice in the superior court, at the conclusion of the evidence, directed the jury to return a verdict for the plaintiff for $127.42, the defendant's plea in set-off being considered. Thereafter the latter duly prosecuted his bill of exceptions to this court, and is now relying upon his exception to the above ruling of the trial justice.

The facts appearing in evidence are largely undisputed. The defendant, under the name of Puritan Motor Sales, dealt in second-hand automobiles in the city of Cranston. On August 17, 1939, the plaintiff, who then owned a 1933 Ford automobile, entered into a conditional sales contract with the defendant whereby the former purchased from the latter a used 1935 Oldsmobile automobile, the price of which, with certain charges, was $398.60. The plaintiff took immediate possession of such automobile, and, as part payment therefor, delivered to the defendant the said Ford car, on which the plaintiff was allowed $90, paid the defendant on that date $35 in cash, and also signed notes for the balance of the purchase price.

About September 1, 1939, the plaintiff learned that on August 17, 1939 the defendant did not have title to the Oldsmobile in question. Thereupon the former, sometime during the first week in September, and apparently before the defendant had obtained title thereto, took the Oldsmobile to the latter's place of business and left it there. About a week later the defendant was requested by the plaintiff to return to him the Ford automobile and to repay him $35. This the defendant refused to do.

Under date of September 5, 1939, the defendant sent his check for $171.02 to the General Motors Acceptance Corp., which held a conditional sales contract, entered into with it by one Ferrara, relating to the Oldsmobile car involved herein, which contract provided that conditional title to said automobile be in the Acceptance Corporation. This contract was held by said corporation on August 17, 1939, on which date Ferrara was in default in payments due under the above-mentioned contract, and the check in question, which was cashed September 7, 1939, was in full payment of all sums due the corporation on said car under such contract. Between August 17, 1939 and September 5, 1939 the General Motors Acceptance Corp. had learned that Ferrara, at some time prior to said August 17, had traded in the Oldsmobile in question to the defendant, and the corporation had taken the matter up with the latter. At no time did the General Motors Acceptance Corp. repossess itself, under the provisions of its conditional sales contract, of the said Oldsmobile.

The plaintiff contends that, under the facts and circumstances appearing in evidence, he has the right to rescind his contract with the defendant concerning the purchase of the Oldsmobile, to return to the latter said car, and to recover in this case the consideration he paid the defendant, *viz.*, $90, being the agreed value of the Ford automobile, and $35, the cash paid the latter when the contract was signed.

The defendant maintains that the plaintiff has no such right to rescind or to recover the sums claimed by him in the present action. It would appear that the decision of the question before us depends largely upon the construction to be placed upon the terms of the conditional sales contract entered into by the parties hereto, especially in view of certain provisions of general laws 1938, chapters 459-464, being the Sale of Goods Act, so called.

In support of his right to rescind the contract now under consideration the plaintiff calls our attention to the provisions of chap. 464, § 7, *supra,* which reads in part as follows: "(1) Where there is a breach of warranty by the seller, the buyer may, at his election— . . . (d) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid."

The plaintiff first argues that chap. 459, § 13, *supra,* provides in substance that in a contract to sell, unless a contrary intention appear, there is an implied warranty of title on the part of the seller, and that the provisions of that section are applicable to the undisputed facts appearing in evidence in this case. That section is in part as follows: "In a contract to sell or a sale, unless a contrary intention appears, there is—(1) An implied warranty on the part of the seller that in the case of a sale he has a right to sell the goods, and that in the case of a contract to sell he will have a right to sell the goods at the time when the property is to pass. . . . (3) An implied warranty that the goods shall be free at the time of the sale from any charge or encumbrance in favor of any third person, not declared or known to the buyer before or at the time when the contract or sale is made."

In addition the plaintiff contends that the uncontradicted evidence herein shows that there was a breach of warranty by the defendant, the seller of the Oldsmobile, in that, by

the very terms of the conditional sales contract entered into by the parties and relating to said automobile, the defendant on August 17, 1939, warranted that he had title thereto, whereas at that time he had no title to the automobile in question. As tending to establish the above contention, the plaintiff refers to the following language appearing in the conditional sales contract: "Title to said property, including all parts and equipment at any times substituted or added, shall remain or be in the Seller or assigns until the purchase price has been fully paid, and Purchaser has paid to Seller all other sums of money payable to Seller hereunder. . . . that Seller may enforce any remedies herein or otherwise available successively or concurrently, and the institution of any suit for the recovery of any money due Seller hereunder shall not divest Seller of title to the property; . . . The term Seller shall include any persons, corporation or institution to whom this contract may be assigned. Said note and this contract may be negotiated and assigned by Seller without passing title of the property to Purchaser."

The defendant, however, maintains that § 13, *supra,* has no relevancy in the present proceeding because the terms of the conditional sales contract show that. it was not intended by the parties thereto that there be any implied warranty of title by the defendant, but on the contrary that it clearly appears from said terms that the parties agreed that the plaintiff should accept the automobile in question without any express or implied warranties. In support of his position in this regard the defendant points to the following language in the contract: "that the property is accepted without any express or implied warranties unless written hereon at the time of delivery of the property". The defendant argues that the above-quoted clauses in relation to the retention of title in the seller do not amount to an express or implied warranty of title "written hereon".

A careful consideration of the provisions of the contract in dispute leads us to the conclusion that the construction

thereof urged upon us by the plaintiff is sound. We are of the opinion that the above-described references in said contract to the retention of title in the seller constitute a warranty of title in him at the time the contract was entered into and the automobile delivered, *viz.*, August 17, 1939, which warranty was written on the contract "at the time of delivery of the property". This being the case, the requirement of the contract chiefly relied upon by the defendant, namely, "that the property is accepted without any express or implied warranties unless written hereon at the time of delivery of the property", is met and satisfied in so far as said warranty of title in the seller is concerned.

This construction of the conditional sales contract now under consideration is similar to the construction given to an analogous contract by the court in the case of *MacDonald* v. *Mack Motor Truck Co.*, 127 Me. 133, which contract by its terms lent itself equally, if not more forcibly, to the contention advanced by the defendant in the instant case. In the *MacDonald* case the contract in question provided that: "The company makes no warranty whatever in respect to this used motor vehicle or any part thereof and the purchaser proposes to buy such used vehicle as it stands without any guarantee whatever." The contract, however, also contained the following provision: "The title and ownership of the motor vehicle, parts and accessories called for and to be furnished under the terms of this contract, shall remain in the company until the full and final payment of cash therefor shall have been made by the purchaser." In its opinion that court, referring to the clause last quoted, stated at page 136: "there is an assertion of title in the contract between the parties in the instant case, which assertion of title is a warranty thereof".

In the instant case the defendant did not testify. No evidence was offered in his behalf in support of his plea in set-off. There is nothing in the record before us to indicate that a rescission of the conditional sales contract will not leave

the parties in substantially the same position they were in before such contract was made. It seems clear that a breach of the warranty in question, namely, of title in the seller, occurred on August 17, 1939 when the Oldsmobile was delivered to the plaintiff. *Perkins* v. *Whelan*, 116 Mass. 542; *Stein* v. *Scarpa*, 96 N. J. L. 86; *Striza* v. *First National Bank*, 97 W. Va. 359. From the testimony such title, on the above date, was not in the defendant but in another, *viz.*, the General Motors Acceptance Corp.

The evidence shows that the plaintiff, upon learning of the situation respecting the title to the automobile, acted promptly in returning it to the defendant and in rescinding the contract. The fact that it tends to appear from the evidence that the defendant acquired title to the Oldsmobile early in September, in our opinion, did not prevent the plaintiff from exercising his statutory right to elect to rescind the contract for breach of the warranty of title. General laws 1938, chap. 464, § 7. See also *King Philip Mills* v. *Slater & Sons*, 12 R. I. 82. There is no evidence in the case to the effect that the plaintiff, at least up to the time he returned the car to the defendant, had any knowledge of the dealings between the defendant and the General Motors Acceptance Corp. concerning the title to the Oldsmobile.

As tried in the superior court only questions of law were raised in the instant case. In our opinion, therefore, the trial justice, on the uncontradicted evidence before him, ruled correctly in directing a verdict for the plaintiff for $127.42.

The defendant's exception is overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the verdict.

*Charles F. Slattery*, for plaintiff.

*Ralph Rotondo*, for defendant.