## TIERNEY *v.* WHITING et al.

WARRANTY — *breach of covenant in a deed — act of* 1861. Under the act of 1861 (1 Sess. 65), a grantee in a deed, who has obtained possession of the premises conveyed, cannot maintain an action upon a covenant of warranty in such deed until legal proceedings have been commenced against him to obtain possession of such premises.

That act does not apply when possession is not obtained under the deed, nor when the holder of the adverse title has obtained possession of the premises since the deed was made.

*What will amount to eviction.* Where the grantee holds possession of the premises conveyed, he cannot voluntarily yield to paramount title, but if he is actually evicted, although under circumstances which would enable him to regain possession, he may have his action upon the covenant of warranty.

Where a tenant to the grantee surrendered the premises to the holder of adverse title, who retained possession, the eviction was complete, and the grantee may maintain an action against his grantor upon a covenant of warranty in his deed.

*Whether plaintiff must show title paramount in another.* In an action upon a covenant of warranty in a deed, the warrantor is not bound to defend the title by him conveyed against a mere trespasser who has no title.

And the burden of proof is upon plaintiff to show that the party by whom he was evicted had the better title.

*When a widow, claiming in right of her deceased husband, may be said to have title.* Where plaintiff was evicted by the widow of a former owner, and defendant purchased at a sale made by an administrator of the estate of such former owner, and it did not appear whether the widow claimed in fee or in right of dower, or that dower had been assigned to her, or that she had a right to occupy the premises until dower should be assigned, the evidence was not sufficient to establish the widow's title.

If the widow claimed in fee under the act to protect the rights of married women (1 Sess. 153), her right was extinguished by the administrator's sale and conveyance.

If the widow claimed a dower interest under the act concerning dower (1 Sess. 363), she had no right of entry until dower should be assigned to her.

DAMAGES — *measure of — where eviction is under claim of dower.* In an action upon a covenant of warranty upon proof of eviction by a widow, under claim of dower, the measure of damages is the value of the widow's life interest in the estate, estimated by the amount of the purchase-money paid by the covenantee.

*Error to District Court, Gilpin County.*

WM. A. WHITING and Joel P. Whitney alleged in their declaration that John Tierney, on the 22d day of April, 1866, executed to them his certain deed by which he conveyed to them a building lot in Central City, and covenanted that he would warrant and forever defend the title to the same to the said Whiting and Whitney, and their heirs and assigns forever, against the claims of all persons except the government of the United States; that they took possession of the lot conveyed, and were afterward evicted by Lucinda M. Dougherty, widow of Michael Dougherty, lawfully claiming the said premises by an older and better title not derived from the plaintiffs or the government of the United States. There were several counts in the declaration which were not materially different.

The defendant pleaded *non est factum*, and that plaintiffs were never lawfully evicted from the premises described, and issue was joined upon these pleas. Other pleas were, upon demurrer, regarded as insufficient, but no question was presented in this court respecting them.

At the trial it appeared that one Michael Dougherty was the owner of the premises in dispute, and that he died July 4, 1865. Plaintiffs put in evidence a deed from Frank Hall, as administrator of the estate of Dougherty, to Tierney, for the same premises, in which certain orders of the probate court directing the sale of the real property belonging to Dougherty's estate were recited, and from which it appeared that the property was sold for the purpose of satisfying debts due from that estate. The deed from Tierney and his wife to plaintiffs was dated April 22, 1866, and contained a covenant of warranty as alleged in the declaration. Other material facts as to the manner in which plaintiffs acquired possession, and the entry of Lucinda Dougherty, as the widow of the said Michael Dougherty, are stated in the opinion.

Upon the question of damages the court charged that the

plaintiffs were entitled to the amount paid by them to Tierney, for the premises, with interest thereon from the date of the deed to the time of trial, at 10 per cent per annum.

The jury returned a verdict for $1,433.06, and judgment was given for that amount. The defendant sued out this writ of error against Whitney, and the heirs of Whiting.

Mr. CLINTON REED, for plaintiff in error.

Mr. W. S. ROCKWELL, for defendants in error.

HALLETT, C. J.   This action was upon a covenant of warranty in a deed made by plaintiff in error, to Wm. A. Whiting and Joel P. Whitney, plaintiffs, in the court below. At the time the deed was made, the premises were in possession of one Goodfellow, a tenant, who subsequently attorned to the grantees in the deed.   This tenant admitted Mrs. Dougherty to the possession of the premises, and she held them at the time this suit was brought, as the widow of Michael J. Dougherty from whom Tierney also derived title under a sale made by an administrator.   Whether the entry thus made by permission of the tenant, Goodfellow, may be regarded as an eviction under the statute of 1861 (1st Sess. 65), which will support the action of covenant broken, is the first question to be determined.   That section provides that no right of action shall exist upon a covenant of warranty against a warrantor until party menacing the possession of the grantee, his heirs, personal representatives or assigns shall have commenced legal proceedings to obtain possession of the premises in question, and the grantor, after notice, shall have refused to defend, at his own cost, the premises in such action.   This is opposed to the general rule recognized by the courts, which allows the covenantee to surrender the premises to the holder of the paramount title before suit brought.   Rawle on Cov. 246 ; *Kelly* v. *Platte*, 33 N. J. Law, 328.   It will be observed, however, that the act does not apply, when possession is not obtained under the deed, for in such case the adverse possession of

another is regarded as an eviction at the date of the grant. *Noonan* v. *Lee*, 2 Black. 500. In the Revised Statutes of 1868 (R. S. 108), this section was restricted in its operation to cases in which possession of the premises conveyed, is obtained by the warrantee, a change of phraseology which is without effect upon the meaning of the section as originally adopted, for if the grantee has not the possession of the premises conveyed, he cannot be menanced in the possession, nor can legal proceedings be instituted against him in respect thereto.

The case is not different when the holder of the adverse title has, by any means, obtained possession of the premises, although subsequently to the date of the deed on which the action is brought. So long as the premises are held adversely, and the covenantee has not possession, no action can be brought against him, and, therefore, he is not within the terms of the statute. Where the grantee holds possession of the premises conveyed, he cannot voluntarily yield to the paramount title, but if he is actually evicted, although under circumstances which would enable him to regain possession, no reason is perceived for denying his right of action upon the covenant of warranty. To hold that in such case, he must resort to his action, and having recovered possession, wait until suit shall be brought against him upon the paramount title, is not demanded by the statute, or sanctioned by reason. Probably the plaintiffs below might have recovered the possession of the premises from Mrs. Dougherty in an action of unlawful detainer, for as she obtained possession from Goodfellow, she was estopped to deny the title by which he held. 2 Smith's L. C. 694–778, *Dutchess of Kingston's Case.* Nevertheless, the plaintiffs below, having lost the possession of the premises, without fault or negligence, may be regarded as actually evicted therefrom, and therefore not within the terms of the statute. It is not, however, enough that they were ejected from the premises if Mrs. Dougherty's title is not superior to theirs, for the warrantor is not bound to defend against all trespassers, but such only as are protected by title paramount.

In argument it is assumed that she claimed a dower interest in the premises, or that she had a right to occupy them until her dower should be assigned under section 23 of the act of 1861, concerning dower (1st Sess. 367); but of this we cannot be quite certain, for by another act (1st Sess. 153) she was entitled to the whole of her deceased husband's estate if there were no children of the marriage and the husband died intestate; or, if there were children, she was entitled to one-half his estate. Whether she had elected to take what would come to her under this statute after paying the debts of the estate, or to have dower under the other act (1 Sess. 363), we are not informed by the record, nor is it necessary to determine as the controversy now stands. Plaintiffs below assumed the burden of showing that Mrs. Dougherty's title was better than their own (Rawle on Covenants, 248), and as real estate might be sold for the purpose of paying debts of the decedent (1 Sess. 427; 2d Sess. 97), upon the showing here made we will presume that the administrator's proceedings were regular, and regard his deed as sufficient to vest title to the property in plaintiff in error. This, upon the assumption that the widow claimed under the act relating to married women (1 Sess. 153), would extinguish her right, but if counsel are correct in supposing that she had a dower interest, the case is somewhat different. It is very doubtful whether a possession lawfully assumed in virtue of the right of temporary occupancy given to the widow (1 Sess. 367) can affect the title to the estate so as to enable the party ousted to call upon his warrantor to defend it; but, however this may be, it was not shown upon the trial that the house and lot in controversy was the usual dwelling place of Dougherty next before his death. Dougherty was not living in the house at the time of his death, nor had he lived there at any time within nine months previous to his death, and his widow did not claim the possession until more than nine months after his death, a period long enough to obtain an assignment of dower if that had been desired. Upon these facts it is manifest that the claim to occupy temporarily, until dower should be

assigned, is an after-thought, invented to justify and support the unlawful possession of the widow.

As to the claim of dower, conceding that it existed, no right of entry could be based thereon until assignment made. 1 Washb. Real Prop. 255. So that, in any view we may take of the evidence, it is impossible to say that Mrs. Dougherty had title to the premises conveyed in the deed paramount to that of the plaintiffs below, or indeed any title whatever; and, of course, the judgment must for that reason be reversed.

Even if dower had been assigned in the premises, and the plaintiffs below had established the widow's right, the correct rule as to the measure of damages was not applied. In such case it is not the entire consideration mentioned in the deed, but only the value of the widow's life interest in the estate, estimated by the purchase-money, that can be properly allowed. *Terry* v. *Drabenstadt*, 68 Penn. St. 400.

The judgment of the district court is reversed with costs, and the cause is remanded for further proceedings.

<em>Reversed.</em>