## No. 10,104.

### ERNST v. ST. CLAIR.

Decided May 1, 1922.

Action for breach of warranty of title to real property. Judgment of dismissal.

### *Affirmed.*

1.  WORDS AND PHRASES—*"Legal Proceedings,"* *"Action"*. The words "legal proceedings", and "action", as used in section 679, R. S. 1908, mean a suit in court.

2.  REAL PROPERTY—*Action for Breach of Warranty—Possession.* Under the provisions of section 679, R. S. 1908, before a grantee in possession can maintain an action against a grantor for breach of warranty, there must be a legal proceeding to obtain possession of the premises, notice to the grantor, and a refusal on his part to defend.

    This rule applies where the state holds title to the premises.

3.  *Suit on Covenant—Paramount Title.* A surrender to the paramount title will not, in Colorado, support a suit on a covenant of warranty or for quiet enjoyment.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Messrs. STOW & STOVER, for plaintiff in error.

Mr. THOMAS Y. BRADSHAW, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

A GENERAL demurrer to the complaint was sustained, the plaintiff stood by the complaint and judgment was entered for defendant. The suit was for breach of the covenants of warranty and for quiet enjoyment in a conveyance to plaintiff's grantor. The complaint alleged that plaintiff had entered into possession of the land in question and the breach alleged was that it belonged to the State of Colorado and that in 1918, the State "did regularly assert" its title and then and there "did duly and regularly institute legal proceedings for the sale and delivery of possession thereof," and that defendant was notified to defend but failed to do so, and so plaintiff was compelled to purchase of the state to protect his title.

R. S. 1908, § 679 is as follows:

"No right of action shall exist upon a covenant of warranty against a warrantor, when possession of the premises warranted hath been. actually delivered to or taken by the warrantee, until the party menacing the possession of the grantee, his heirs, personal representatives or assigns, shall have commenced legal proceedings to obtain possession of the premises in question, and the grantor, after notice, shall have refused to defend, at his own cost, the premises in such action."

The defendant claims that the words "legal proceedings" in the statute do not include such proceedings as are mentioned in the complaint, but mean "suits in court," and argues that the word "action," evidently used as a synonym for "legal proceedings," is applicable only to a suit in court.

This argument seems to us well founded. How can it be said that defendant could come in and "defend * * * the premises" in a proceeding by the land board to sell, or that such a proceeding is "to obtain possession of the premises," or that it is an action? The statute clearly means a suit in court for the possession of the land.

The plaintiff in error claims that a paramount title in

the state amounts to eviction, and cases so hold. They also hold that the mere fact of title in the state is a sufficient menace or assertion of title to justify the grantee in surrendering possession or purchasing the paramount title. 15 C. J. pp. 1288, 1292, §§ 157, 167; 7 R. C. L. pp. 1150, 1151, and cases cited.

In Colorado, however, eviction alone is not enough. If the grantee gets possession there must be a suit and neglect by grantor to defend after notice, in compliance with the statute above quoted. True, this court has said that even if the grantee gets possession yet if without fault on his part he is afterwards evicted by a paramount title and is actually out of possession his case is not within the statute, because his possession cannot be menaced and no legal proceedings for possession can be instituted against him. *Tierney v. Whiting*, 2 Colo. 620. But the present case is not within the reason of that decision because the plaintiff was in possession, his possession was menaced and legal proceedings might have been instituted against him.

It is contended that the state is presumed to be in possession, and that is true of all vacant state land, but it remains true that if the grantee is in actual possession he may be menaced in his possession and legal proceedings may be brought against him in respect thereto and therefore he is within the statute.

In his reply brief plaintiff in error claims that his case is not within the statute because the state might lawfully take possession without suit. If we should accede to that proposition we should be creating an arbitrary exception to the statute in violation of its plain requirement for a suit for possession and notice before suit on the warranty. The decision in *Tierney v. Whiting*, did not do this. It merely construed the statute, holding that it did not cover a case to which some of its terms could not apply; here all its terms are applicable.

In any case like the present, if the state or its patentee should bring suit for possession the covenantee could protect himself by notice to his covenantor and subsequent suit

on the covenant according to the statute; if, on the other hand, the state should take possession without suit, the covenantee would be actually out of possession, where the terms of the act could not apply, and so might maintain an action on the covenant according to the decision in *Tierney v. Whiting.* In either alternative he would be fully protected; but he may not purchase the paramount title because that is no more than a surrender, and a surrender to the paramount title will not, in Colorado, support a suit on a covenant of warranty or for quiet enjoyment. *Tierney v. Whiting supra. Seyfried v. Knoblauch,* 44 Colo. 86, 91, 96 Pac. 993.

Judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.