### No. 10,711.

### THOMAS *v.* DUNNEAN.

Decided April 7, 1924.

Action for rescission of a contract for the sale and purchase of real estate. Judgment for plaintiff.

*Reversed.*

1. DEED—*Contract.* Where a contract for a deed and the deed given in execution thereof, are so different that they cannot stand together, it is held that the contract is merged in the deed.

2. REAL PROPERTY—*Deed—Possession.* A deed to real estate carries with it the right to immediate possession unless a future day for possession is therein specified. A declaration of intent to postpone possession in another instrument, is not enough.

3. *Deed—Damages—Rescission.* A breach of covenant of warranty and quiet enjoyment in a deed gives rise to an action for damages, and not for rescission except in case of fraud or lawful exclusion from possession.

4.    *Deed—Covenant of Seizin.*  A covenant of seizin is broken as
      soon as made by adverse possession, rightful or wrongful.

5.    *Deed—Rescission.*  In the absence of fraud or insolvency
      there can be no rescission of a deed.  In the case under con-
      sideration, this rule is applied, no equity appearing and there
      being a plain, speedy and adequate remedy at law.

*Error to the District Court of El Paso County, Hon. Arthur
                Cornforth, Judge.*

Messrs. ORR & LITTLE, Mr. HENRY T. McGARRY, for
plaintiff in error.

Mr. W. D. LOMBARD, Mr. C. B. HORN, Mr. E. D. PRESTON,
for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

GENEVIEVE DUNNEAN obtained a decree in a suit against
Lloyd Thomas to effect a rescission of a contract between
them for the purchase and sale of real estate, and he
brings the matter here for review.

The essential facts are as follows:    Thomas owned lots
and a house thereon in Roswell, El Paso County.    July
16th, 1921, he and Mrs. Dunnean entered into a sealed
agreement whereby he covenanted to sell said property to
her and she agreed to buy it.    It was also agreed that she
should have until July 20th to examine the abstract and
prepare deed, etc., and he covenanted to deliver possession
on the first day of August.    She complied with the con-
tract on her part, and on the 22nd received a warranty
deed, in the short form under C. L. § 4879, which in-
cludes covenants of seizin, quiet enjoyment and warranty,
but she was not put in possession, because a tenant of
Thomas refused to surrender.    There was then some
negotiation between them, he offering to stand the ex-
penses of ejectment and pay rent pending it, but nothing
resulted, and in January, 1922, she began the present
proceeding in equity for a rescission.

The plaintiff in error presents three propositions: (1) That his demurrer to the complaint was erroneously overruled because (a) the complaint does not state a cause of action; (b) the plaintiff had an adequate remedy at law. (2) That the contract was merged in the deed. (3) That the evidence was insufficient to justify the decree.

We think the real question in the case is whether the failure to give possession is a ground for rescission, and the answer to this question depends on whether the contract to deliver possession August 1st was merged in or replaced by the deed. The argument that it is not is a strong one, because by the contract Thomas is required to do two things—to deliver a deed and to deliver possession. Obviously the delivery of the deed satisfied only the first requirement, and the second has not been performed. We think, however, that the contract is merged, because it is so different from the deed that they cannot stand together. It differs in these respects: (1) It requires a different time for delivery of possession; the deed immediate (C. L. § 4885; *Drake v. Root,* 2 Colo. 685, 690; *Omaha etc. Co. v. Tabor,* 13 Colo. 41, 49-50, 21 Pac. 925, 5 L. R. A. 236, 16 Am. St. Rep. 185), and the contract August 1st. (2) The grantor's liability upon the deed for breach of duty to deliver would be only for damages; upon the contract, probably rescission or damages, *Bullard v. Bicknell,* 26 App. Div. 319, 49 N. Y. Supp. 666; *Kopp v. Kopp,* 48 Hun, 532, 1 N. Y. Supp. 261.

As to the first difference: C. L. § 4885, is as follows: "All conveyances of real estate, and of any interest therein, duly executed and delivered, shall be held to carry with them the right to immediate possession of the premises or interest conveyed, unless a future day for the possession is therein specified."

No future day for the possession was specified in the deed in question. A declaration of intent to postpone possession in another instrument is not enough. *Drake v. Root, supra; Omaha Etc., Co. v. Tabor, supra.* Conse-

quently the deed requires immediate delivery of possession, and is inconsistent with the requirement of the contract.

As to the second difference: A breach of covenant of warranty and quiet enjoyment in a deed gives rise to an action for damages, and not for rescission, except in case of fraud or lawful exclusion from possession, neither of which appears here. 39 Cyc. 1413, 1443, and 2009; *Miller v. Miller*, 47 Minn. 546, 50 N. W. 612; *Smith v. Scribner*, 59 Vt. 96, 7 Atl. 711; and cases cited below. The plaintiff was, in effect, evicted by the tenant when the deed was delivered, (Ib.), and her action for damages then accrued.

Of the covenant of seizin: It is broken as soon as made by adverse possession rightful or wrongful. *Stearns v. Jewel*, 27 Colo. App. 390, 149 Pac. 846. But we can find no case that such a situation justifies rescission unless there is fraud or, perhaps, insolvency of the grantor. To the contrary see *Topping v. Parish*, 96 Wis. 378, 71 N. W. 367; and *Hart v. Hannibal etc., R. R. Co.*, 65 Mo. 509.

It follows from these differences that the deed and contract cannot stand together and therefore the contract to deliver possession on August 1st is replaced by or merged in the covenants of the deed, and so the question now is not whether the contract, but whether the deed, can be rescinded, and whether the plaintiff had an adequate remedy at law, not on the contract, but on the deed. It seems from what has been said and from the cases above cited, that there can be no rescission under the facts before us. This is true because, since no fraud or insolvency is shown, no equity is shown and because there is a plain, speedy and adequate remedy at law, 15 C. J. 1292; *Topping v. Parish, supra; Alger v. Anderson*, 92 Fed. 696, 717.

Judgment reversed, and cause remanded for further proceedings not inconsistent herewith.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.