## No. 12,226.

### STONE ET AL. *v.* ROZICH.
(297 Pac. 999)

Decided March 23, 1931.

Messrs. MOYNIHAN, HUGHES & KNOUS, for plaintiffs in error.

Mr. GEORGE A. SHIPLEY, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

CLIFFORD H. Stone and Matt J. Kochevar failed in their action against John Rozich to recover damages for alleged breaches of two covenants in a deed given to them by Rozich. Two causes of action are alleged; one for breach of covenant of warranty; the other for breach of covenant of seisin. The plaintiffs are here complaining of the judgment dismissing their action. In this opinion Stone and Kochevar will be called the plaintiffs; Rozich, the defendant.

In 1921 the plaintiffs bought of the defendant 240 acres of land in Gunnison county. Upon receiving the deed they gave their mortgage to secure to the defendant the payment of that part of the purchase price that was not paid in cash. In 1925 the defendant sued to foreclose the mortgage. A foreclosure decree was entered. The defendant purchased at the foreclosure sale, and eventually a sheriff's deed was issued to him and he took possession of the property thereunder. Thereafter, on April 24, 1926, this action was commenced.

In the complaint a breach of each covenant is alleged in these words: ''That in truth and in fact the said party of the first part, the defendant herein, at the time of the execution and delivering of said deed was not well seized of the premises as of good, sure, perfect and absolute and indefeasible estate of inheritance in law, or in fee simple, and was not seized of full right, title or interest thereof; and that the said first party did not have good right, full power, and lawful authority to grant, bargain, sell and convey in any manner or form, the following described portion of said property, to-wit: [description].'' The title to part of the property described in the deed is not claimed to be defective.

In 1880 Frank F. Wood and William Bryan initiated separate cash entries upon the major portion of the lands described in the defendant's deed to the plaintiffs. Whether, at the time the defendant gave his deed to the plaintiffs, he had title to the land, and, if so, the nature and extent of that title depend upon the effect of certain land office proceedings that culminated in the issuance of a patent in 1927, and upon the validity of certain tax sales. These matters were gone into at considerable length at the trial and in the briefs filed here. In the view we take of the case, it is unnecessary to discuss the many questions involved in those proceedings.

At the time the defendant deeded the property to the plaintiffs he had been in undisturbed and peaceable possession of the land for about 31 years, and had cultivated it, constructed irrigation works and otherwise improved the land. Ever since receiving a tax deed in 1900, up to the time he deeded the property to the plaintiffs in 1921, the defendant paid all of the taxes levied upon the property. The plaintiffs remained in undisturbed and peaceable possession of the land from the day they received the deed from the defendant on July 19, 1921, up to the time the defendant took possession under the deed given to him by the sheriff on April 16, 1926. During that time, though they were both lawyers and, we infer from the record, had been furnished with an abstract of title, they made no objection to their grantor's title; neither their title nor their right to possession was challenged by anyone, by suit or otherwise; and no one asserted a hostile title. It was only after the defendant took possession under the sheriff's deed; that is to say, after the plaintiffs ceased to have any interest in the property, that they questioned the title that the defendant had conveyed to them.

■ 1. The plaintiffs were not entitled to recover on the covenant of warranty. Possession was delivered to and taken by them; that possession never was menaced, within the meaning of the applicable statute; there never

was any legal proceeding to obtain possession from the plaintiffs, except the foreclosure proceeding, which does not come within the terms of that statute. C. L. §4887; *Ernst v. St. Clair,* 71 Colo. 353, 206 Pac. 799; *Tierney v. Whiting,* 2 Colo. 620; *Hurd v. Smith,* 5 Colo. 233; *Hayden v. Patterson,* 39 Colo. 15, 19, 88 Pac. 437.

2. Were the plaintiffs entitled to recover for breach of the covenant of seisin? That question includes two others: (1) Was there a breach of the covenant? (2) If there was a breach, was the right of action barred by the statute of limitations pleaded by the defendant?

Assuming that there was a breach of the covenant and that a cause of action on the covenant once existed, was the right of action barred by the statute of limitations? Whether or not it was barred depends upon when the cause of action arose. By the great weight of authority the covenant, where a statute does not otherwise provide, does not run with the land, but is a purely personal covenant; it runs in the present, as of the date of the deed; and the breach, if any, occurs and the cause of action arises immediately upon the giving of the deed. 7 R. C. L. pages 1133, 1156; 61 A. L. R., note page 42.

Section 4886, Compiled Laws, provides: "Covenants of seisin * * * contained in any conveyance of real estate, or of any interest therein, shall be held to run with the premises, and to inure to the benefit of all subsequent purchasers and incumbrancers." Whether this provision has the effect of changing the covenant of seisin from a covenant in praesenti into one in futuro, and, if so, the effect of such change upon the time of the accrual of a cause of action, this court never has directly decided. In the opinions in *Hayden v. Patterson,* 39 Colo. 15, 88 Pac. 437, *Seyfried v. Knoblauch,* 44 Colo. 86, 96 Pac. 993, and *Thomas v. Dunnean,* 75 Colo. 216, 225 Pac. 253, section 4886, supra, was not mentioned, nor was a consideration thereof necessary. In the Seyfried case, supra, delivering the opinion of the court, Mr. Justice Campbell said: "The action being one for breach of

covenant of seisin, to sustain it there was no necessity for proving an eviction. * * * This covenant is now regarded as one for title, and is broken upon delivery of the deed if the covenantor did not then have title or lawful right to convey. * * * The question here for decision, therefore, is whether at the time of the delivery of the deed the grantor, defendant herein, had lawful title to the entire 2-9 interest in the water right which he purported to convey. * * * In an action for breach of a covenant for seisin the measure of damages is the value of the premises conveyed at the time of the sale, to be estimated by the consideration money, together with interest up to the time of trial. If the title fails as to a part only of the premises, its proportionate value is the measure.'' In the Thomas case, supra, Mr. Justice Denison, delivering the opinion of the court, said: ''Of the covenant of seisin: It is broken as soon as made by adverse possession rightful or wrongful.'' There, at the time the deed was given a tenant was in possession, and the tenant refused to vacate. In the Hayden case, supra, Mr. Justice Campbell, speaking for the court, said: ''* * * it seems that the cause of action on the covenants of seisin and lawful right to convey accrued either at the time the deed was made, which was June 18, 1887, *or* in July, 1889, when the decree establishing title in the Morley heirs was rendered, which is equivalent to a substantial breach.''

The present action was brought by the original covenantees, and the only breach pleaded and attempted to be proven was that at the time of the conveyance to the plaintiffs Rozich did not have the title that the deed purported to convey. Of course, the foreclosure proceeding and the taking of possession by this defendant under the sheriff's deed did not constitute a breach of the covenant of seisin.

As the alleged breach occurred, if at all, at the time the defendant gave his deed to the plaintiffs in 1921, and the action on the covenant of seisin was not commenced until

1926, which was more than three years thereafter, the right of action was barred by the statute of limitations. C. L. §6397.

As a right of action on the covenant of warranty never arose, and the right of action, if any, on the covenant of seisin was barred by the statute of limitations, the trial court could not do otherwise than dismiss the action.

The judgment is affirmed.