No. 13,194.

Friedrichs et al. *v.* Midland Savings and Loan Company.
(31 P. [2d] 493)

Decided April 2, 1934.

Mr. Horace N. Hawkins, Mr. Otto Friedrichs, for plaintiffs in error.

Mr. John D. Rogers, for defendant in error.

564

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter designated as there, or by name.

Plaintiffs sued for possession of real property and accounting of rents and profits, and for $25,000 damages for the alleged wrongful conversion of personal property and $500 per month for its use. The amended complaint, filed April 11, 1931, contained two causes of action. Defendant demurred to each for want of facts. The demurrers were sustained, plaintiffs elected to stand, and to review the judgment of dismissal thereupon entered against them they prosecute this writ.

The first cause of action alleges that one Howard owned five lots in Denver and two apartment houses located thereon; that Howard gave defendant two promissory notes, each for $30,000, secured by mortgages on the respective properties; that thereafter Howard conveyed both properties and their furnishings to A, subject to said mortgages; that A thereafter gave defendant a note for approximately $68,000 secured by mortgage on both properties; that these last were given for the sole consideration of defendant's indemnification on a certain supersedeas bond in a cause involving mechanic's liens on said property; that said defendant, on threat of foreclosure of said last mentioned mortgage, and under its promise to apply rents and profits to the payment of taxes and operating expenses and the discharge of a chattel mortgage on said personal property, induced A to give it possession and permit it to collect rents and profits; that pursuant thereto A and her husband signed a paper (hereinafter referred to as exhibit B) wherein, for the consideration, inter alia, of defendant's refraining from foreclosure, it was given possession of the property, real and personal, with a promise of bill of sale to

the personal property, power to collect rents and profits and apply "as it sees fit," but "to keep an account of all income received and all moneys paid out while in possession," and to deliver to A its contract to give ninety days from the termination of the mechanic's lien litigation to redeem the personal property by payment of all sums expended by defendant thereon and all sums due on bonds and mortgages held by defendant against the real property, and all its obligations by reason of the supersedeas bond; that neither the bill of sale nor defendant's last mentioned contract were ever executed; that the rents and profits so collected have amounted to many thousands of dollars annually, the exact amount being unknown to plaintiffs; that, shortly after the execution of exhibit B, A sold and transferred to plaintiff Friedrichs an undivided half interest in all said real and personal property; that thereafter defendant foreclosed all three mortgages under a grossly excessive allegation of indebtedness, including all liability on the supersedeas bond, in which suit judgment of foreclosure, and a personal judgment of over $63,000 against Howard, was entered; that thereunder the real estate was sold and bid in by defendant for $80,000; that no credit was given on the judgment for rents and profits collected after the foreclosure sale; that certificates of purchase were issued to defendant fixing June 5, 1931, as the limit of time for redemption; that there was no provision, in notes or mortgages, for possession pending redemption, or for a receiver, and that no receiver was appointed; that after the sheriff's report of sale, A sold her remaining half interest to plaintiffs Waldo and Slohm; that plaintiffs have demanded and defendant refused possession; that defendant has collected, and continues to collect, rents and profits and convert same to its own use; that net rents and profits are more than sufficient to pay all defendant's just demands; and prays for possession and accounting.

The second cause of action repeats all the essential al-

legations of the first, and alleges that the personal property was worth $25,000; that a balance of $14,000 was due thereon to certain furniture dealers, which defendant agreed to pay; that defendant paid said balance and, after the execution of exhibit B, elected to sever the personal property pledged therein and hold said property solely as security for said $14,000; that pursuant to that election defendant opened on its books an account accordingly; that thereafter defendant paid itself, from rents and profits, said sum in full; that neither defendant's said complaint in foreclosure nor its decree therein mentioned exhibit B or the personal property, or gave any credit for the rents and profits applied to the payment of said $14,000, thereby admitting discharge of the personal property pledge; that plaintiffs have demanded and defendant refused possession of the personal property; that defendant has converted same to its own use, and that its reasonable value is $25,000, and the reasonable value of its use $500 per month; for which sums judgment is prayed.

For convenience the several dates of the foregoing acts and transactions are here set out consecutively. They are as follows: February 8, 1926, Howard conveyed to A; August 25, 1927, A gave her indemnifying note; October, 1927, A and her husband executed B; November 5, 1927, A and her husband surrendered possession under exhibit B; December 21, 1927, A sold to Friedrichs; April 3, 1930, defendant instituted its foreclosure suit; July 24, 1930, decree was entered in said suit; September 2, 1930, sale was had under that decree; September 5, 1930, said sale was confirmed; October 22, 1930, A sold to Waldo and Slohm; October 22, 1930, plaintiffs demanded possession of the personal property: November 28, 1930, plaintiffs demanded possession of the real property.

■■ Counsel for defendant treats the first cause of action as one in ejectment and contends that ejectment will not lie under the circumstances. So far as we are

advised that question has not been passed upon by the trial court, hence it is not before us. If this portion of the complaint sets forth *any* cause of action it was not vulnerable to this demurrer. It alleges that the entire debt had been more than paid by rents and profits. That allegation is admitted by the demurrer. If so defendant held no unsatisfied claim. An equitable cause of action for accounting is clearly presented.

■ As to the second cause of action counsel for defendant says the relation of the parties was that of mortgagor and mortgagee, but the complaint does not say so. We learn therefrom that personal property was delivered to defendant under an express agreement for its return when certain payments were made; that defendant, as well it might, elected to hold it as a special pledge for a particular portion of that amount; that it so carried the account on its books; that it diverted rents and profits to the full payment of that sum, failing to account for these otherwise. Hence the pledge is redeemed.

■ We find no justification for an examination here of the numerous authorities cited in the briefs. They go to collateral questions not properly before us, and which, however disposed of, would leave untouched the only present issue, i. e., does this complaint state two causes of action? Suffice it to add that the respective rights of mortgagor and mortgagee, in case of foreclosure, and during the period of redemption, are explicitly set forth in chapter 151, page 538, Session Laws 1929, and particularly in sections 8 and 9 thereof, which, as applied to this cause, require now no interpretation.

The judgment is reversed and the cause remanded with instructions to overrule the demurrers.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.