No. 19,608.

FRANK W. BERNKLAU, ET AL., *v.* WALTER J. STEVENS.
(371 P. [2d] 765)

Decided May 21, 1962.

Mr. Wm. Atha Mason, for plaintiffs in error.

Messrs. Reams, Lorig and Uhrlaub, for defendant in error.

*In Department.*

Opinion by Mr. Justice Sutton.

The parties will be referred to as they appeared in the trial court where plaintiffs in error were defendants and defendant in error was plaintiff.

This action was commenced by plaintiff in order to obtain a money judgment for default on a promissory note and to foreclose on a deed of trust. The answer interposed the defense of tender of payment, and a counterclaim alleged breach of various covenants contained in a warranty deed which was the original consideration for the note. In reply to the answer and counterclaim the tender of payment was denied and the statute of limitations was interposed as an affirmative defense to the breach of covenants. Judgment was entered for plaintiff and the counterclaim was dismissed.

The facts involved in this controversy are as follows: On September 13, 1950, defendants, husband and wife, entered into an agreement with plaintiff and one George S. Park (who is not a party to this action) wherein defendants agreed to buy and plaintiff and Park agreed to sell a certain ranch located in Rio Blanco County,

Colorado, consisting of approximately 360 acres, together with certain ranch equipment, water rights and one-fourth of the mineral and oil rights. The purchase price was $31,500.00. On signing the purchase contract the defendants paid $1,000.00 and agreed to a $10,000.00 down payment which included the $1,000.00 earnest money, and to periodic payments of the balance. On October 2, 1950, the transaction was closed. Plaintiff and Park delivered a warranty deed to defendants wherein the land was described by reference to government survey as follows:

"North Half of the Northwest Quarter and the Northeast Quarter of Section 25, Township 1 North, Range 95 West and Lots 1 and 2 and the Southeast Quarter of the Northwest Quarter, Section 30, Township 1 North, Range 94 West, 6th Principal Meridian * * * ."

The deed also contained the customary covenants of seisin, right to convey, quiet possession, and warranty, and through mistake included 3.109 acres previously deeded to the Brentons as more fully hereinafter set out.

Concurrently with the delivery of the deed defendants executed and delivered to plaintiff their promissory note for $21,500.00 as the remaining unpaid balance of the purchase price. The note was payable in annual installments of $1,000.00 each commencing December 1, 1951, and yearly thereafter. It provided for interest at the rate of 5% per annum from the date of execution until the due date, and after the due date interest at the rate of 7% per annum until paid. The note also contained an acceleration clause in the event of failure to pay any installment of principal or interest, and a provision respecting costs and attorney's fees. The acceleration clause read:

"Any failure to pay installment of principal or interest when due shall cause the whole note to become due and payable at once, or the interest to be counted as principal, at the option of the holder of the note, *and it shall not be necessary for the holder to declare the same due,*

but he may proceed to collect the same as if the whole was due and payable by its terms." (Emphasis supplied.)

As security for the note defendants executed to plaintiff a deed of trust covering the same property. Both the warranty deed and deed of trust were properly executed, acknowledged, delivered, and recorded.

Some time before the delivery of the warranty deed to defendants the plaintiff and George Park conveyed by warranty deed to Everett J. and Merle E. Brenton 3.109 acres of the aforesaid property, same being included within the following description:

"A parcel of land lying in Tract 101A of Sections 19 and 30, Tp. 1 North, Range 94 West of the 6th P.M., Colorado, and more particularly described by metes and bounds as follows, to-wit: * * * ."

The Brenton deed was dated November 4, 1948, and was recorded on December 20, 1949.

There are two houses on the 3.109 acres, but they were never examined by defendants prior to their ranch purchase. Defendants were never put in possession of the 3.109 acres but did move into possession of the balance of the ranch. On September 15, 1954, primarily due to the defendants' deed from plaintiff and Parks, the Brentons commenced a quiet title action for an adjudication of their rights in the parcel of land conveyed to them. Both the present plaintiff and defendants were named as defendants in that action and were personally served with process, but failed to appear. Consequently on December 13, 1955, the Brentons were declared the owners in fee simple of the 3.109 acres and their title was quieted as to the defaulting parties.

Defendants in the meantime had made payments on the note to the extent of reducing their indebtedness to $13,500.00 with interest paid as of December 1, 1956. Payments ceased after December 1956, and in December 1957 plaintiff referred the note to an attorney for collection. On December 28, 1957, plaintiffs attorney wrote

a letter to defendants stating that because of defendants' default the note was accelerated and payment in full was demanded, including attorney's fees, 7% interest, collection expenses and costs. Defendants assert that on December 30, 1957, prior to the receipt of plaintiff's letter mailed on December 28, 1957, defendants, through their attorney, tendered plaintiff's attorney, in a telephone conversation, an installment of interest and principal due at that time in the amount of $1,681.98, but that this tender was refused.

Plaintiff commenced this action on May 12, 1958. He sought: (1) to obtain a money judgment on the note for an amount including the $13,500.00 balance on the principal, interest at 5% from December 1, 1956, to the date of the complaint, interest on the total of principal and interest from the date of the complaint to the date of judgment at 7%, and attorney's fees in the sum of $1,000.00 and costs of suit; and, (2) to foreclose the deed of trust. In addition to the above defendants, Earl Jones in his capacity as public trustee of Rio Blanco County, and the First National Bank of Rifle, Colorado, as holder of a junior deed of trust, were named as defendants. Both Jones and the bank defaulted. Defendants answered and counterclaimed. In their answer defendants denied that the indebtedness on the note had matured, that the interest was chargeable at the rate of 7%, or that plaintiff was entitled to attorney's fees in any amount. The alleged tender of payment on December 30, 1957, was set up as a defense to the claimed default. By counterclaim defendants alleged that by virtue of the Brenton quiet title decree in December 1954, affecting the 3.109 acres, plaintiff had breached the covenants of seisin, right to convey, peaceable possession, and warranty contained in the deed executed and delivered to defendants on October 2, 1950. Therefore defendants demanded that plaintiff take nothing by his complaint except the $13,500.00 principal balance together with interest at 5% from December 1, 1956, and that defend-

ants have judgment against plaintiff for $8,500.00 in addition to $100.00 per month from October 2, 1950, to the date of judgment, with interest and costs for their alleged damages in lieu of the 3.109 acres sold the Brentons. Plaintiff's reply to the answer and counterclaim denied the validity of defendants' tender and set up as affirmative defenses to the alleged breach of covenants, the statute of limitations, waiver and estoppel.

Trial was to the court which, after hearing evidence from both sides, entered judgment for plaintiff for $16,327.29 as unpaid principal and interest on the note, attorney's fees for $1,000.00 and costs of suit, and decreed a foreclosure of the deed of trust. The court likewise found that the defendants' defense of tender of payment had not been proved by a preponderance of evidence, and that the counterclaim for breach of covenants was barred by the statute of limitations. Defendants are here by writ of error and assert the following grounds for reversal:

(1) That the offer of payment by defendants to plaintiff on December 30, 1957, amounted to a tender of payment which was sufficient to relieve defendants from the acceleration and penalty provisions of the note. Defendants also urge that an effective and valid tender to plaintiff was made in their answer.

(2) That the covenants in the warranty deed from plaintiff were not breached until December 13, 1955, the date of the quiet title decree, hence the counterclaim is not barred by the statute of limitations.

(3) That since defendants did not receive 360 acres but rather 356.891 acres, there was a partial failure of consideration, consequently plaintiff should not be permitted to recover the full purchase price as represented by the note, or to foreclose on the deed of trust.

We will address ourselves to these contentions in the above order.

I.

Plaintiff directs our attention to the fact that in

defendants' motion for a new trial they waived the question of tender before the trial court. Defendants so admit in their reply brief. Having waived it in the trial court, defendants cannot re-assert it on writ of error, hence we will not consider it here. R.C.P. Colo. 111 (f).

## II.

Defendants next contend that their counterclaim for breach of covenants was not barred by the statute of limitations. They urge that since C.R.S. '53, 118-1-21, provides that covenants of seisin, peaceable possession, and warranty run with the land, these covenants are covenants in futuro; therefore they were breached not when made on October 2, 1950, but on the date of the quiet title decree on December 13, 1955.

At the outset we point out that the applicable statute of limitations is not the six year statute, C.R.S. '53, 87-1-11, as defendants urge, but the three year statute, C.R.S. '53, 87-1-8. *Hayden v. Patterson,* 39 Colo. 15, 88 Pac. 437 (1906); *Stone v. Rozich,* 88 Colo. 399, 297 Pac. 999 (1931). The purpose of C.R.S. '53, 118-1-21, as to such covenants, is not to change the time of the accrual of the cause of action, but rather to extend the benefit of such covenants to subsequent purchasers and incumbrancers. *Wheeler v. Roley,* 105 Colo. 116, 118, 95 P. (2d) 2 (1939). Thus the accrual of a cause of action still depends upon the time of breach; and the time of breach varies with the particular covenant. Consequently whether defendants' counterclaim is barred by the statute of limitations depends upon the particular covenants alleged to have been breached.

The counterclaim alleged breach of the covenants of seisin, right to convey, peaceable possession, and warranty. The covenant of seisin is regarded in legal effect as a covenant of title as well as a covenant of possession. The covenant of right to convey has also been held to be practically synonymous with the covenant of seisin. 7 *THOMPSON ON REAL PROPERTY* §3687

(1940). Similarly, the covenant of warranty (in an action for breach) is synonymous with the covenant of peaceable possession or quiet enjoyment. *Hayden,* supra; 7 *THOMPSON,* supra, §3740. Thus we can resolve the issue under discussion by restricting ourselves to the covenants of seisin and warranty.

 The generally accepted rule is that a covenant of seisin is broken, if at all, when it is made. 7 *THOMP-SON,* supra, §3687; 6 *POWELL ON REAL PROPERTY,* 253 (1958); III *AMERICAN LAW OF PROPERTY* §12.127 (1952). Although the point has never been decided in Colorado within the context of C.R.S. '53, 118-1-21 (see *Stone,* supra), on innumerable occasions the general rule that the covenant of seisin is broken when made has been recognized. *Hayden,* supra; *Seyfried v. Knoblauch,* 44 Colo. 86, 96 Pac. 993 (1908); *Thomas v. Dunnean,* 75 Colo. 216, 225 Pac. 253 (1924). Since we view C.R.S. '53, 118-1-21, as extending the ambit of protection to subsequent purchasers and incumbrancers and not as affecting the accrual of a cause of action, we hold that the covenant of seisin was breached when plaintiff on October 2, 1950, delivered the warranty deed to defendants which purportedly conveyed 360 acres to them. Not only were plaintiff and Parks without title to 3.109 acres, but also the Brentons were in actual possession under the warranty deed of November 4, 1948. Such factors constituted a breach of the covenant of seisin. *Seyfried,* supra; *Thomas,* supra. Having failed to bring an action within three years as provided in C.R.S. '53, 87-1-8, the defendants were barred from asserting it as a counterclaim in this action. *Hayden,* supra; *Stone,* supra.

 As to the covenant of warranty, the rule is that it is broken when the covenantee suffers an eviction. See *Hurd v. Smith,* 5 Colo. 233 (1880); *Hayden,* supra. The requirement is satisfied when the covenantee is unable to obtain possession by reason of possession by a third person having a paramount title which existed at

the time of the conveyance. 6 *Powell,* supra, 261, or because of the refusal of one in actual possession to surrender the premises to the covenantee. *Thomas,* supra.

In this case the defendants were never actually put in possession of the 3.109 acres. It is obvious from the quiet title action that the Brentons would not have surrendered this property to defendants even if defendants had attempted to obtain possession. Consequently, the possession of the 3.109 acres by the Brentons under a title paramount to that of defendants constituted a breach of the covenant of warranty by the grantors upon the delivery by them of the warranty deed on October 2, 1950. The counterclaim for breach of warranty on this ground is therefore barred by the three year statute of limitations. *Hayden,* supra; *Stone,* supra.

Finally, with respect to the applicability of C.R.S. '53, 118-1-22, we need to comment further. This statute provides as follows:

"No right of action shall exist upon a covenant of warranty against a warrantor when possession of the premises warranted has been actually delivered to or taken by the warrantee, until the party menacing the possession of the grantee * * * shall have commenced legal proceedings to obtain possession of the premises in question, and the grantor, after notice, shall have refused to defend, at his own cost, the premises in such action."

In their brief defendants urge that by virtue of this statute their cause of action for breach of warranty did not accrue until the date of the Brenton quiet title decree on December 13, 1955.

We note that the statute requires the covenantee to be actually menaced in his possession by virtue of legal proceedings commenced against him by a third party. Where, as here, the covenantee was never in possession he cannot be menaced in his possession with-

in the meaning of the statute. In such circumstances the statute is inapplicable. *Tierney v. Whiting,* 2 Colo. 620 (1875); compare *Ernst v. St. Clair,* 71 Colo. 353, 206 Pac. 799 (1922). The accrual of the cause of action against the covenantor is determined by the law relating to a covenantee in possession as set forth above. But even if C.R.S. '53, 118-1-22, be construed as to apply here, the defendants' counterclaim would still be barred. The statute clearly sets forth the *commencement* of legal proceedings by a third party as the date of accrual. The Brentons commenced their quiet title action on September 15, 1954, three years and eight months before the commencement of this action. Consequently defendants' counterclaim must fail in either event.

### III.

Defendants finally urge that since plaintiff and Parks conveyed 3.109 acres less than agreed that this constituted a partial failure of consideration which should prevent plaintiff from recovering the full purchase price on the note and from foreclosing on the deed of trust. Plaintiff asserts on the other hand, that the record fails to disclose precisely how much acreage defendants did receive and that their proper course was to have brought an action to correct their deed within a reasonable time. Be this as it may, the contention of defendants is not, as we understand it, that plaintiff was precluded from pursuing concurrent remedies under the note and deed of trust. For such concurrent enforcement of remedies is generally sanctioned by the law. 10 *THOMPSON,* supra, §5127. Rather defendants seem to urge that the alleged defense of partial failure of consideration can be interposed to plaintiff's foreclosure on the purchase money deed of trust.

Defendants, however, must also fail here for they cannot avoid application of the rule that failure of consideration is an affirmative defense which, if not pleaded, is waived. Colo. R.C.P. Rule 8(c) and Rule 12(h). A careful review of the record in this case indi-

cates that such defense was neither pleaded nor raised at any stage of the trial court proceedings. We have also stated on numerous occasions that issues not raised in the trial court cannot be raised for the first time on writ of error. See for example: *Friedrichs v. Midland Co.,* 94 Colo. 563, 31 P. (2d) 493 (1934); *Commissioners v. Desmond,* 104 Colo. 269, 90 P. (2d) 619 (1939). In addition, C.R.S. '53, 87-1-13 provides that the limitation provisions of C.R.S. '53, 87-1, shall apply to any debt or contract alleged by way of set-off. Since defendants' alleged defense of failure of consideration is actually rooted in the breach of covenants on October 2, 1950, defendants are, in effect, claiming a set-off. Having failed to bring an action within the three year period they are barred from using it as a set-off here.

The judgment is affirmed.

MR. CHIEF JUSTICE DAY and MR. JUSTICE FRANTZ concur.