**E. Loyd UPTON and Dorothy N. Upton, Plaintiffs–Appellees,**

**v.**

**Frank E. GRIFFITTS and Green Valley, a limited partnership, Defendants–Appellants.**

No. 90CA2008.

Colorado Court of Appeals, Div. I.

April 23, 1992.

McDaniel, McDaniel, Baty & Nicholson, Michael W. Baty, Durango, for plaintiffs-appellees.

Sommer & Stevens, Peggy E. Stevens, Denver, for defendants-appellants.

Opinion by Judge PIERCE.

Defendants, Frank E. Griffitts and Green Valley Partnership, appeal a judgment of the trial court holding them liable to plaintiffs, E. Loyd and Dorothy N. Up-

ton, on their claim for breach of the covenant of warranty. We affirm.

On September 25, 1981, defendants delivered to plaintiffs a general warranty deed to property in Archuleta County. On or around November 20, 1986, plaintiffs learned from a letter sent to them by defendants that the U.S. Forest Service owns approximately 80% of the property conveyed by the warranty deed. Plaintiffs filed their complaint on July 13, 1989.

It is undisputed, and the trial court found, that this boundary error renders the property unmarketable and constitutes a breach of the grantors' covenant of warranty. The trial court awarded plaintiffs damages for breach, together with interest at the statutory rate of 8% per annum. In addition, the trial court ordered plaintiffs to execute and deliver to the court a quitclaim deed conveying the property to defendants and ordered defendants to hold plaintiffs harmless from any further liability on their note and deed of trust.

## I.

Conveyance by general warranty deed is a promise from the grantor that, at the time of its execution, he was lawfully seized of the estate conveyed, that the estate was free and clear from all encumbrances except as stated, and that he warrants to the grantee the quiet and peaceful possession of the property and will defend the title against all persons who may lawfully claim title. Section 38–30–113, C.R.S. (1982 Repl.Vol. 16A); *O'Brien v. Village Land Co.*, 794 P.2d 246 (Colo.1990). The covenant of warranty is broken when the grantee suffers eviction under paramount title. *Bernklau v. Stevens*, 150 Colo. 187, 371 P.2d 765 (1962).

Section 38–30–122, C.R.S. (1982 Repl.Vol. 16A) provides:

No right of action shall exist upon a covenant of warranty against a warrantor *when possession of the premises warranted has actually been delivered to or taken by the warrantee* until the party menacing the possession of the grantee ... have commenced legal proceedings to obtain possession of the premises in question and the grantor, after notice, has refused to defend ... such action. (emphasis added)

Citing *Bernklau*, defendants argue that since the grantees were never in possession of the property, they cannot be menaced in their possession within the meaning of the statute. Not only have plaintiffs not been actually dispossessed but no proceedings have been commenced by the U.S. Forest Service. Accordingly, defendants argue that the eviction requirement of the statute has not been met, and the claim should have been dismissed as premature. We disagree.

Since the government is presumed to be in possession of all vacant government land, this is sufficient to support the trial court's finding of eviction. *Ernst v. St. Clair*, 71 Colo. 353, 206 P. 799 (1922). But, if the grantee is in possession of the property, the existence alone of paramount title by the government is insufficient to sustain a cause of action. *See Ernst v. St. Clair, supra.*

Here, however, possession was never taken under the deed. Therefore, the statute is not a bar and is inapplicable to plaintiffs' action. *Bernklau v. Stevens, supra; Tierney v. Whiting*, 2 Colo. 620 (1875).

If a grantee holds possession, he cannot voluntarily yield to paramount title. However, if the grantee is evicted, there exists no reason to deny his right of action upon the covenant of warranty until suit is brought. Accordingly, grantees who have lost possession are regarded as being actually evicted and are not within the terms of the statute. *Tierney v. Whiting, supra.*

It follows that plaintiffs here, never having gained possession nor having a chance of gaining possession, likewise may be regarded as being actually evicted and not within the terms of the statute. Thus, plaintiffs have a cause of action for breach of warranty, and the case was appropriately before the trial court.

## II.

 Defendants next contend that plaintiffs filed their action outside the relevant statute of limitations. Again, we disagree.

Defendants argue, under *Bernklau,* that, since the property is already in possession by one with paramount title, the warranty is breached upon delivery of the deed. Any breach, therefore, had to occur in September 1981, and plaintiffs' filing falls outside the three-year limitations period of § 13–80–101, C.R.S. (1987 Repl.Vol. 6A).

*Bernklau* is distinguishable under the facts here. There, a private third party was in possession of the property at the time of delivery. Here, the U.S. government is the adverse party and neither the grantee nor the government is in visible possession. *Cf. Ernst v. St. Clair, supra* (state is the adverse party, but grantee is in possession). Therefore, there is no Colorado authority to answer the question of when a cause of action for breach of warranty accrues for purposes of § 13–80–101 with a private grantee who has never been in possession of the property and the U.S. government as an adverse third party.

In our view, under these circumstances, the better rule is that knowledge by the landowners of the government's hostile possession starts the running of the statute of limitations. *See Doyle v. Linn,* 37 Colo. App. 214, 547 P.2d 257 (1976) (suit in negligence by landowners against surveyor after later survey disclosed that the property belonged to the government). Hence, since plaintiffs suffered no damages until learning of the adverse government claim, the statute of limitations did not begin to run until 1986, when plaintiffs knew, or should have known, of the paramount title. *See Doyle v. Linn, supra; accord Rowell v. All,* 352 So.2d 905 (Fla.App.1977).

## III.

Defendants next argue that plaintiffs should be denied relief for failure to mitigate their damages. We disagree.

In making argument, defendants attempt to require plaintiffs to pay their own dam-

ages for breach of the covenant of warranty. This we decline to accept.

Judgment affirmed.

TURSI and REED, JJ., concur.