**PAGOSA SPRINGS INVESTMENTS, a Colorado General Partnership, and Robert J. Engle, Robert J. Black, Harry M. Cole, Gerald S. Brinton, and Gilbert Davidson as individuals and General Partners, and commonly known as "The Group," and Mymern Investment Corp., d/b/a KLM Investments individually and as General Partner, Plaintiffs–Appellants,**

v.

**Robert R. SIVERS, Defendant–Appellee.**

**No. 93CA1373.**

Colorado Court of Appeals,
Div. III.

Nov. 3, 1994.

** Sitting by Assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

McDaniel Baty & Miller, Michael W. Baty, Durango, for plaintiffs-appellants.

Kenneth A. Senn, Colorado Springs, George I. Katz, Denver, for defendant-appellee.

Opinion by Judge JONES.

Plaintiffs, Pagosa Springs Investments, a Colorado general partnership, and its general partners (collectively PSI) appeal the partial summary judgment in which the trial court ruled that application of the statute of limitations to the facts at issue mandated dismissal of PSI's breach of warranty claim against defendant, Robert R. Sivers. Although no certification pursuant to C.R.C.P. 54(b) was entered, the partial summary judgment became final for appeal purposes when the claims against other defendants, who are not parties to this appeal, were dismissed with prejudice by stipulation of the parties. We affirm.

The following facts are not in dispute. In 1981, Sivers conveyed a parcel of vacant land to PSI by general warranty deed containing a metes and bounds description. PSI sold the parcel to James Flynn in 1983. Flynn signed a promissory note in favor of PSI for the balance of the purchase price, secured by a deed of trust covering the parcel.

Flynn conveyed the parcel to Jim Mymern who, as part of the transaction, assumed the promissory note to PSI and the obligations in the deed of trust. In December 1983, PSI agreed to subordinate its lien against the parcel to a deed of trust in favor of another lender.

Mymern operated a convenience store on the parcel. In 1986, Edna Turney, an adjacent landowner, asserted a trespass claim against Mymern alleging that the building encroached upon her land. This issue was resolved in Turney's favor in 1987 with respect to a strip of land 134 feet wide.

Mymern subsequently defaulted on his note payments to PSI, and the holder of the first deed of trust foreclosed against the parcel in 1990. PSI failed to exercise its right of redemption.

PSI commenced this action in May 1992 alleging that the warranty in the 1981 deed from Sivers had been breached and that PSI was entitled to recover damages in the amount PSI had paid for the parcel.

Sivers filed an answer which admitted the conveyance but denied the other allegations. Sivers also filed a motion to dismiss PSI's claim asserting, among other grounds, that it was barred by the three-year statute of limitations. Because exhibits to the briefs submitted by the parties included deposition excerpts and other documents, the trial court treated the motion as one for partial summary judgment pursuant to C.R.C.P. 12(b) & 56.

Based upon the parties' submissions, the trial court determined that the PSI partners knew in 1987 of the trial court's ruling that Mymern's store was encroaching on Turney's lot. One of the PSI partners had conceded in a deposition that the partners had had actual knowledge of the boundary and title problem on the land on which PSI had a junior lien and had purposely done nothing.

Accordingly, the trial court determined that PSI's 1992 action was not commenced within three years after the PSI partners discovered that Sivers' warranty had been breached. In so ruling, the court rejected PSI's argument that its claim could not have accrued until Mymern had been evicted in the 1990 foreclosure action.

On appeal, PSI contends that the trial court erred in concluding that its claim was time-barred. Although PSI concedes that

the limitation period for a breach of warranty action is three years, it argues that its 1992 action was timely filed pursuant to the provisions of § 38–30–122, C.R.S. (1982 Repl.Vol. 16A). However, we conclude that the trial court properly dismissed the action.

Section 13–80–101(1), C.R.S. (1987 Repl. Vol. 6A) requires that all contract actions be commenced within three years after the cause of action accrues. (This provision applies to claims for relief arising on or after July 1, 1986. *See* Colo.Sess.Laws 1986, ch. 114, § 23 at 706.) Here, the parties agree that this three-year statute is applicable.

Further, § 13–80–108(6), C.R.S. (1987 Repl.Vol. 6A) provides that a cause of action for breach of any warranty shall be considered to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence.

■ The statute upon which PSI relies, § 38–30–122, C.R.S. (1982 Repl.Vol. 16A) provides as follows:

> No right of action shall exist upon a covenant of warranty against a warrantor when possession of the premises warranted has been actually delivered to or taken by the warrantee, until the party menacing the possession of the grantee, his heirs, personal representatives, or assigns have commenced legal proceedings to obtain possession of the premises in question and the grantor, after notice, has refused to defend, at his own cost, the premises in such action.

Based upon this statute, PSI argues that it was precluded from filing its breach of warranty claim until Mymern's interest in the parcel was extinguished in the foreclosure proceeding. We disagree.

Our appellate courts have not had occasion to construe § 38–30–122 in the context of a breach of warranty claim by a former grantee who has conveyed to another and thus voluntarily relinquished possession of the property covered by the grantor's deed. However, in *Bernklau v. Stevens,* 150 Colo. 187, 371 P.2d 765 (1962), the supreme court addressed the statute in the context of a deed to agricultural property which erroneously included approximately three acres owned by another.

When the grantor in the *Bernklau* case commenced foreclosure proceedings on a deed of trust securing the balance of the purchase price, the grantee counterclaimed asserting breach of warranty in the deed as to the three acres. The grantor responded, relying upon the then-applicable statute of limitations. In construing the predecessor to § 38–30–122, the *Bernklau* court held that because the grantee had never been in possession of the three acres, the statute did not apply because the grantee's possession had never been "menaced." As a result, the court concluded that the claim was time-barred because the grantee knew of the breach more than three years before the counterclaim was filed.

■ Consistent with the holding in *Bernklau,* a division of this court, in *Upton v. Griffitts,* 831 P.2d 504 (Colo.App.1992), held that § 38–30–122 was inapplicable in an action brought by the grantees for breach of warranty based upon the fact that approximately 80% of the property described in the grantor's deed was owned by the United States. There, the grantors defended, asserting that the grantees had never been "menaced" in possession of the property because proceedings had not been commenced by the United States to dispossess the grantees. However, the division concluded that, because the grantees were neither in possession nor entitled to take possession of the property, § 38–30–122 was not a bar to their claim. *See also Tierney v. Whiting,* 2 Colo. 620 (1875) (If the grantee lacks possession of the premises conveyed, he cannot be menaced in the possession, nor can legal proceedings be commenced against him in respect thereto; therefore, he is not within the terms of the statute).

■ Applying the rationale in *Bernklau, Upton,* and *Tierney* here, we conclude that § 38–30–122 may not be interposed to delay the running of the three-year statute of limitations on PSI's claim. As these cases held, the statute's application is limited to grantees in possession of the disputed property when the adverse claim is asserted. Here, the grantee in possession was Mymern, not PSI.

Accordingly, the limitation period on PSI's claim commenced to run on the date that the breach of warranty in Sivers' deed was discovered or should have been discovered. Section 13–80–108(6), C.R.S. (1987 Repl.Vol. 6A). Because the record reflects that PSI learned of Turney's successful adverse claim as early as 1987, the trial court properly concluded that PSI's claim was time-barred.

The judgment is affirmed.

NEY and DAVIDSON, JJ., concur.